STATE of Missouri, Plaintiff-Respondent,

v.

Eugene Joseph BARNES, Jr.,
Defendant-Appellant.

No. 37145.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 4, 1976.

James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a judgment of conviction entered by the Circuit Court of the City of St. Louis, Missouri, on a jury verdict finding him guilty of rape. The court sentenced defendant to twenty-five (25) years imprisonment.

Defendant contends that the court erred (1) in failing to sustain his motion for judgment at the close of the case because the evidence was contradictory and insufficient to prove a cause of action; and (2) in failing to declare a mistrial because of prosecutorial misconduct in making repeated statements about "mugshots." We disagree with both contentions and affirm the judgment of conviction.

From the evidence a jury could have reasonably found beyond a reasonable doubt the following facts: In the early morning of December 2, 1973, the victim, who lives on Page Avenue, went to a liquor store to buy some potato chips and a bottle of soda. As she returned from the store, she walked past the defendant, whom she described as fat, brown-skinned, kind of short, with a moustache and natural hair style. After

defendant passed her, he grabbed her from the rear, held a knife to her throat, and threatened to kill her if she screamed. According to the victim, defendant took her between some houses, and began to tear off her clothing. Then, the victim testified, defendant took her into the alley between some garages and tore off her pants, her panties, and her panty hose. Defendant forced her to lie down and had intercourse with her for fifteen to twenty minutes. The victim further testified that she had a good look at defendant when he was tearing off her clothing and when he was on top of her.

As soon as she reached home, she reported the incident to her cousin. Her cousin testified that the victim's clothing was torn and that the victim was crying and screaming. Although the cousin offered to call the police, she did not because the victim kept saying, "No, he threatened to kill me."

For some unexplained reason, on December 4, 1973, several police came to the victim's home and showed her eight to ten photographs. The victim picked out the defendant's photograph as being her attacker and later that day picked the defendant out of a fourteen man lineup. Subsequently, she identified defendant in court as her attacker and testified that he was the same man whose photograph she had picked out earlier.

■ While defendant couches his first contention in terms of a challenge to the sufficiency of the evidence, a closer examination reveals that his contention is actually an argument pertaining to the weight and credibility of the victim's identification testimony. Granted, there were discrepancies in the victim's testimony concerning (1) whether she told the police her attacker had a limp, (2) the difference in height between her description of her attacker and the defendant's actual height, and (3) the place of the rape and the amount of light there. All of these matters go solely to the weight and credibility to be given by the jury to the victim's identification testimony. *State v. Davis,* 516 S.W.2d 784, 785 (Mo.App.1974).

None of these conflicts in evidence contradicts one of the elements necessary to the state's case: (1) her private parts were penetrated by defendant's penis; (2) she was threatened; and (3) she was forced into the act against her will. *State v. Ruhr,* 533 S.W.2d 656 (Mo.App., Kansas City, 1976). The absence of semen on the victim's clothing or in her vagina is not fatal to the state's case because the state is not required to prove an ejaculation in order to prove rape. Moreover, much of the victim's testimony was uncontradicted, and her testimony was corroborated by her cousin who testified as to her contemporaneous account of the incident, her physical state, and the fact that her pants and panties were torn. Consequently, we rule this point against defendant.

■ Central to defendant's second claim is the reference by the prosecutor to photographs of defendant as "mugshots." The term "mugshot" was used on three occasions; however, the second and third usage were so close in time as to be considered one. On each occasion, the court sustained the defendant's objection, found the usage to have been inadvertent, and offered to instruct the jury to disregard the remarks of the prosecutor in this regard. Defense counsel, however, requested a mistrial and declined the offer of the court to instruct the jury to disregard the remarks of the prosecutor.

In our view, because of our opinions in *State v. Harris,* 534 S.W.2d 516 (Mo.App., St. Louis, 1976), citing with approval *State v. Carson,* 501 S.W.2d 503 (Mo.App.1973) and *State v. Rutledge,* 524 S.W.2d 449, 457–58 (Mo.App.1975), further discussion of this "mugshot" issue would have little, if any, precedential value. Consequently, since there was no direct reference to either prior arrests or convictions and since the declaration of a mistrial is a drastic remedy, we find, under the circumstances of this case, no abuse of discretion in denying defendant's request for a mistrial.

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.