STATE of Missouri, Respondent,

v.

**George W. TRIPP, Jr., Appellant.**

**No. KCD 28945.**

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jeffrey W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

George W. Tripp, Jr. was convicted of rape, § 559.260, RSMo 1969, and sentenced to twenty years confinement.

On this appeal Tripp raises the sole point that his motion for judgment of acquittal filed at the close of all the evidence should have been sustained because the testimony of the victim was not corroborated. Affirmed.

The victim testified she was walking from her place of employment to her home about 4:00 p.m. She stated Tripp stopped and inquired if she wanted a ride. After first refusing, she decided to accept because she needed to get to her baby-sitter to pick up her daughter. She stated Tripp drove some distance then locked all of the car doors by the automatic lock button. He then drove to a secluded spot. She stated he threatened her with a gun if she did not submit to him and thereafter raped her.

After the consummation of the rape, the victim was allowed to leave the car and she walked to the nearest house. Testimony from the occupants of this and an adjoining house indicated she appeared crying hysterically with her face flushed and her clothes mussed. She reported she had been raped and gave a description of both the man and the automobile, including the license number.

The victim was taken to the hospital where a pelvic examination failed to reveal any external signs of bruises or trauma.

Tripp testified in his own defense and told substantially the same story as the victim, except he stated the victim suggested sexual activity by winks and gestures as soon as she entered the car. He stated after he drove to the secluded spot, he inquired if she wanted to engage in sexual activity and when she consented, they did so. He offered her a ride afterwards but she refused and said she would walk. He left the scene after she left the car.

On this appeal Tripp argues the testimony of the victim, when applied to the admitted facts, renders her testimony unconvincing and leaves the mind of the court clouded with doubts and for that reason her testimony must be corroborated. He relies on State v. Tevis, 234 Mo. 276, 136 S.W. 339 (1911).

■ It must first be noted Tripp has not preserved his point on appeal for review because he failed to file a motion for a new trial within ten days and no extension was granted. In that circumstance this review can only be under the plain error provision of Rule 27.20. State v. Brown, 543 S.W.2d 796[1] (Mo.App.1976).

A more recent statement of the rule relied upon by Tripp is found in State v. Lee, 404 S.W.2d 740, 747[12, 13] (Mo.1966) in which the court stated:

A number of cases have held that "in statutory rape particularly a prima facie case can be made on the uncorroborated testimony of the prosecutrix. State v. Thomas, 351 Mo. 804, 174 S.W.2d 337. And in rape cases generally the rule is that corroboration is not essential to prove the act of sexual intercourse unless the testimony of the prosecutrix is contradictory and in conflict with physical facts, surrounding circumstances, and common experience so as to be so unconvincing and improbable that it is extremely doubtful." State v. Wood, 355 Mo. 1008, 199 S.W.2d 396, 398.

■ It is clear the testimony of the victim made a submissible case and if be-lieved by the jury would support a conviction. The argument that corroboration was required because of the failure of the medical exam to find any physical evidence of force or violence on the body of the victim completely ignores the victim's testimony that she submitted out of fear. She stated Tripp told her he would use a gun and reached under the seat as if to procure one if she did not submit. The victim did not testify in any fashion which would indicate a physical examination would reveal bruises or other marks on her body.

The testimony of the victim was not in conflict with the physical facts and surrounding circumstances or common experience and was, therefore, not required to be corroborated.

Judgment affirmed.

All concur.