STATE of Missouri, Respondent,

v.

Joe J. MAZZERI, Jr., Appellant.

No. KCD 30178.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

L. R. Magee, Hines & Magee, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Defendant appeals from a jury conviction of rape and a sentence of 35 years. We affirm.

The victim was hitchhiking on Highway 435 in the early morning hours. Defendant stopped his car in which he was driving with two companions, and the victim got in. After driving a short distance the young men demanded that the victim undress and while she was doing so, defendant drove off the highway and onto a back road. He asked his two companions to leave the car and then demanded that the victim perform oral sex upon him. When she resisted, he struck her and forced her to the act of sodomy. The other two men were then each called back to the car in turn, and at defendant's demand the victim performed further acts of oral sex upon those two. Then defendant demanded that the victim leave the car with him and he took her to the back of the car, ordered her onto the trunk and committed an act of intercourse upon her. When this was over, the men threw part of the victim's clothes out the window and drove off. The victim ran away and hid in the brush. Defendant drove back, but the men did not see the victim, threw her blouse and stockings out of the window, and drove away.

The victim proceeded on foot until she reached the home of Mrs. Stepp. Mrs. Stepp was aroused from sleep and opened the door to see the victim crying, hysterical, upset and scared. Mrs. Stepp called the police. Upon responding to the call, they were given a description of the car and of the young men and an account of what had happened. The police did spot a car matching the description, and on their attempt to stop the car for investigation, defendant attempted to escape at a high rate of speed. His car was eventually halted by means of a road block. The police investigated the scene of the incident in question and found the victim's blouse and one of her stockings.

Defendant's first point on this appeal is that the evidence given by the victim was conflicting, there was no corroboration of her testimony and therefore the evidence was insufficient to support conviction. The law is well settled that the uncorroborated testimony of the victim in a rape case is sufficient to support conviction unless her testimony conflicts with the physical and surrounding circumstances or with common experience so as to be so unconvincing and improbable that it is extremely doubtful. *State v. Tripp*, 558 S.W.2d 809 (Mo.App. 1977). The victim here did make some untrue statements initially to Mrs. Stepp and to the police officers as to her activities earlier in the evening and how she came to be afoot on the highway. She also initially stated untruthfully that she had been forced into the defendant's car. There were also some minor discrepancies between her testimony given at the preliminary hearing as opposed to her testimony at trial. However, none of these misstatements or discrepancies went directly to any essential element of the state's case necessary to prove rape. With respect to all of those essential matters, the victim's statements were all straightforward and without conflict. That was sufficient to make her testimony the basis for submission to the jury even without corroboration. *State v. Lee*, 404 S.W.2d 740 (Mo.1966); *State v. Barnes*, 536 S.W.2d 932 (Mo.App.1976).

Moreover, the record shows that there was corroboration for the victim's testimony. Sutton, one of the other young men in defendant's car, testified to the manner in which the victim had been picked up, her disrobing with the car leaving the highway, her crying, and the various acts of sodomy. He also testified that defendant took the victim to the back of the car, it felt like somebody got on the trunk, and he felt the car move a couple of times. Further corroboration of the prosecutrix's testimony lies in her immediate report of the incident, the matching description of the car driven by the rapist, his flight from the police, the location of the victim's blouse and stocking at or near the scene described, and the physical condition of the victim shortly after the incident as described by the testimony of Mrs. Stepp and the police officers and photographic evidence. The failure of a

hospital examination to show presence of sperm does not serve to destroy the victim's account. The state need not prove ejaculation as an element of rape. *State v. Barnes, supra.* A negative finding with respect to sperm does not contradict the prosecutrix's testimony and does not even bear upon any essential element of the case.

Defendant's second point is that the court erred in permitting evidence of acts of sodomy, which were separate crimes with which defendant was not charged. Where a defendant is on trial for a sexual offense, evidence is admissible as to other similar acts committed at about the same time as part of a continuous and inseparable episode. The whole transaction is viewed as one and as parts of the res gestae of the crime charged. *State v. Shumate,* 478 S.W.2d 328 (Mo.1972); *State v. Parton,* 487 S.W.2d 523 (Mo.1972); *State v. Torrence,* 519 S.W.2d 360 (Mo.App.1975). So it is here.

Defendant argues as his final point that the length of the sentence shows bias and prejudice on the part of the jury and constitutes cruel and unusual punishment. The punishment assessed here is within the statutory limits set by Section 559.260, RSMo 1969. It therefore cannot be considered excessive. *State v. Motley,* 546 S.W.2d 435 (Mo.App.1977).

Nor can the sentence be deemed cruel and unusual punishment unless it is so disproportionate to the offense as to shock the moral sense of all responsible men. *State v. Motley, supra; State v. Brownridge,* 353 S.W.2d 715 (Mo.1962); *State v. Agee,* 474 S.W.2d 817 (Mo.1971). It has been held that a sentence of even 99 years for rape does not show bias and prejudice by the jury or constitute cruel and unusual punishment. *State v. Brownridge, supra; State v. Agee, supra.* Nothing in this record shows bias and prejudice on the part of the jury, and the 35 year sentence is not so disproportionate to the crime as to be shocking to this court.

Affirmed.

All concur.