**STATE of Missouri, Respondent,**

v.

**Charles Sam MANDINA, Appellant.**

**No. 41373.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 17, 1980.

Gordian S. Benes, Weber, Benes & Weber, St. Louis, for appellant.

John Ashcrof, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals from a conviction by a jury of the offense of stealing a motor vehicle. He was sentenced under the Second Offender Act by the court to a term of eight years in the Department of Corrections.

The defendant does not challenge the sufficiency of the evidence and only a short recitation of the facts is necessary.

The victim, Eugene Jones, parked his pickup on Russell near the intersection of 12th and Russell, and went into a CB shop.

While inside, he heard a truck start up. He looked outside and saw his pickup moving. He ran out of the shop to within two feet of the passenger's side. He was able to get a good look at the driver. "I would say three or four seconds, five seconds, something like that." Within 30 minutes, defendant was brought to Jones and he was positively identified him. He also positively identified him in court. The defendant did not take the stand and presented no evidence.

On appeal, defendant raises one point of alleged trial error. He contends that comments made by the prosecuting attorney in the closing portion of his final argument constitute improper reference to his failure to testify. He did not object to the comments, but asks that they be considered under the "plain error" rule, Rule 27.20(c) (New Rule 30.20).

He refers to two comments by the Assistant Circuit Attorney. "There is no evidence to the contrary, ladies and gentlemen." [1]

"You have been presented with no evidence inconsistent with that." [2]

Section 546.270 RSMo 1978 and Rule 26.08 (New Rule 27.05) provide that if the accused shall not avail himself of his right to testify, the same should not be referred to by any attorney in the case nor be considered by the court or jury. We have examined the statements complained of, in the context of the argument in which they were made, and find them to be permissible under the law.

In *State v. Morgan*, 444 S.W.2d 490 (Mo. 1969), the Supreme Court reviewed some of the cases in this area and said:

[1] "You can feel the shirt yourselves and come to your own conclusion. It's a light weight shirt *he is wearing on a November afternoon.* Is that reasonable? *There is no evidence to the contrary, ladies and gentleman.* This is an extremely strong case." [emphasis added.]

[2] "You know, if you give the State a fair shake, that this defendant has been proven guilty beyond any doubt, not just beyond a reasonable doubt. He's been proven guilty beyond any doubt, because the eyewitness identification,

> which is absolutely positive by Eugene Jones, has been corroborated by all of the circumstances which follow that identification. All of the circumstances. The train of flight, the clothing, the glasses, everything has been supported. Everything is consistent with his identification and *there is nothing inconsistent. You have been presented with no evidence inconsistent with that.* And on that basis, I would ask you to find the defendant guilty." [emphasis added.]

[T]here is no error in refusing to declare a mistrial for arguing that 'the defense was free to offer any evidence that they had, and none was forthcoming,' *State v. Thomas*, Mo.Sup., 393 S.W.2d 533, 538[12]; *State v. Hodge*, Mo.Sup., 399 S.W.2d 65, 68[5], or that ' "The State's evidence stands uncontradicted in this case. When the State has concluded its case, the defense was free to offer any evidence it chose.' " *State v. Siekermann*, Mo.Sup., 367 S.W.2d 643, 651[17]. And see five similar rulings cited and quoted from on pages 651 and 652. As stated in *State v. Michael*, Mo.Sup., 361 S.W.2d 664, 667, the prohibition of § 546.-270 RSMo 1959, and Criminal Rule 26.08 is against comment that *the accused* did not testify; not that the defendant did not offer any evidence.

*Id.* at 493 [emphasis original]. Here the comments constituted neither a direct nor indirect reference to the failure of the defendant to testify, and hence were permissible.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.