STATE of Missouri,
Plaintiff-Respondent,

v.

Eric Douglas BOYD,
Defendant-Appellant.

No. 44650.

Missouri Court of Appeals,
Eastern District, Division Three.

Oct. 12, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

Bernard P. McDonnell, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted of forcible rape, found to be a persistent offender, and sentenced to a term of 30 years' imprisonment. He appeals. We affirm.

Defendant was charged with forcibly raping prosecutrix while acting with others.

The prosecutrix was 23 years old and was separated from her husband. At trial she testified to the following facts. She met defendant in the late summer of 1980, and he visited her several times at her mother's home. She and defendant never formally dated, and she did not see him from August or September until January 10, 1981. Defendant called her on January 5 or 6 and asked her to attend a party with him on Saturday, January 10. She agreed, and he arrived to pick her up at about 11:00 p.m. Two other men, Vito and Michael, were with him. The men said they were going to pick up a woman at another house. Vito and Michael went into a house and then came back out and asked defendant and prosecutrix to come inside and wait because the woman was not ready. They all went into the basement, and Michael and Vito went upstairs. When they returned, the prosecutrix asked when they were going to the party. No one responded. The other two men began calling Michael by the name of Dennis. Dennis then said "she is going to have to do something for me." Vito started to put his arm around her and tried to kiss her. Dennis said he would kill her if she didn't do something for him. She ran to the couch and picked up a vase to defend herself, but she finally put it down. Dennis grabbed her, and the other two removed her jeans and underpants. They debated who would go first and finally agreed that it would be the defendant. She tried to hold her legs together, but Dennis and Vito pulled them apart. Defendant had intercourse with her, then Vito, then Dennis, and then defendant again. She did not know whether any of them ejaculated. While they were removing her clothes she felt Dennis holding a cold object against her side. It felt "stronger" than keys. She heard conversation that if they didn't ejaculate, there would be no evidence for prosecution. At about 5:00 a.m. the men took prosecutrix home. She locked the doors and cried for a while. She then telephoned her mother-in-law and the rape hotline. She talked to three friends and called the police. She went to the police station and then to the hospital. She was examined by a doctor, tests were run, and her clothes were taken for testing.

In his first point defendant claims that the court should have sustained his motion for judgment of acquittal because the testimony of prosecutrix "was at variance with physical facts, common experience, the surrounding circumstances and the testimony of the medical expert." Defendant recognizes that no corroboration of the victim is required to support a conviction for rape, but relies on those cases which hold that a conviction cannot stand on the victim's testimony alone if "her testimony conflicts with the physical and surrounding circumstances or with common experience so as to be so unconvincing and improbable that it is extremely doubtful." *State v. Mazzeri*, 578 S.W.2d 355, 356 (Mo.App.1979). Here defendant contends the testimony of the doctor creates a conflict sufficient to require corroboration of the victim's testimony.

The doctor who examined prosecutrix at county hospital was a third-year resident. He stated he found no evidence of physical trauma. He also indicated that the prosecutrix stated she had been verbally rather than physically forced to submit to the intercourse. He could not recall if the prosecutrix had told him that a weapon was used. He stated that he took three specimens of the prosecutrix's vaginal fluids. He examined one himself and included the other two specimens in the rape kit that was sent to the police laboratory for testing. He stated he found no evidence of sperm in the specimen he examined. However, the forensic scientist from the police laboratory testified that she performed more extensive tests on the specimens contained in the rape kit and found evidence of semen in the vaginal fluid, as well as on prosecutrix's underpants and jeans. The doctor was unable to account for the conflicting test results.

■ We find nothing in the doctor's testimony that directly contradicts the prosecutrix's testimony. The prosecutrix did not testify that the three men caused her any physical injury. In reference to the use of a weapon, she stated only that, during the incident, she felt something cold being held against her side. There is conflict between the testimony of the doctor and the testimony of the scientist from the police laboratory regarding the presence of sperm. We note first that ejaculation is not an element of the crime of rape, *State v. Barnes,* 536 S.W.2d 932, 933 (Mo.App. 1976), and second that the significance of the conflicts in their testimony is a matter to be evaluated by the jury. *State v. Cox,* 478 S.W.2d 339, 341 (Mo.1972). Further, there was evidence to corroborate the victim's testimony. We find the state made a submissible case, and we rule this point against defendant.

In his second point, defendant contends that the court erred in failing to remove for cause from the jury panel a venireperson whose husband was a police officer and who stated she might not be able to be impartial.

When the prosecuting attorney asked if anyone on the jury was related to a policeman, Mrs. Noonan stated that her husband was a policeman. When the prosecutor asked if those on the panel who were related to or acquainted with police officers would be affected in their decision, no one responded. The defense counsel questioned Mrs. Noonan as follows:

Mr. McDonnell: At one time would that color your feeling about a person who is charged with the crime?

Mrs. Noonan: No.

Mr. McDonnell: Could you give Eric Boyd a fair trial if he were—and set whatever happened to you aside in view of the evidence in light of the burden of proof beyond a reasonable doubt?

Mrs. Noonan: I believe so.

Mr. McDonnell: Do you want to serve on this jury if you're picked?

Mrs. Noonan: I don't feel that I would be prejudice [sic]. I don't feel it. But then it would be how would other people accept it because I am the wife of a policeman and I have nine children. So, with my husband being a policeman, no, I can't say that I would. My feeling would be more motherly toward both the victim and the suspect I'm afraid it would bring up my motherly instincts more. So the fact that—

Mr. McDonnell: So the fact that Mr.— Lt. Noonan is a police officer, that would not color you at all?

Mrs. Noonan: I don't really think so. I could be wrong—no.

Defendant moved to strike Mrs. Noonan because her husband was a police officer. The court denied the motion.

■ The trial court has wide discretion in ruling on challenges for cause, and its ruling will not be disturbed unless it is against the record and can be said to be a clear abuse of discretion. Doubt should be resolved in favor of the trial court because it is in a better position to determine a challenge than an appellate court. *State v. Treadway,* 558 S.W.2d 646, 649 (Mo. banc 1977), *cert. denied,* 439 U.S. 838, 99 S.Ct.

124, 58 L.Ed.2d 124 (1978), partially overruled on other grounds in *Sours v. State,* 593 S.W.2d 208 (Mo. banc 1980). It has been held that relationship to a police officer alone is not a basis for challenge for cause. *State v. Eaton,* 504 S.W.2d 12, 17 (Mo.1973).

 However, if in response to questions regarding potential prejudice, a prospective juror gives equivocal answers, the judge has a duty to seek clarification of those answers. *State v. Ealy,* 624 S.W.2d 490, 493 (Mo.App.1981). Further, the court, in determining whether to strike a potential juror for cause, may not rely on the juror's conclusion that he or she is not prejudiced. The court must make its own determination of the issue based upon the facts the potential juror states. *State v. Holliman,* 529 S.W.2d 932, 939 (Mo.App.1975).

 Our evaluation of Mrs. Noonan's responses leads us to the conclusion that the trial judge did not abuse his discretion in overruling defendant's motion to strike Mrs. Noonan for cause. She initially stated clearly that she believed she could give defendant a fair trial. She said that in view of her husband's position and her having nine children she might be motherly toward both the defendant and the victim. In response to defense attorney's question as to whether her husband's being a police officer would color her decision at all, she stated that she did not really think so. She said she could be wrong, but finally said, "no." Mrs. Noonan's responses were not so equivocal as to require the trial judge to inquire further for clarification, and her testimony was sufficient to permit the court to find she could be a fair and impartial juror.

In his third point, defendant contends the trial court erred in denying his motion for admission of evidence concerning his prior sexual relationship with prosecutrix. Section 491.015, RSMo. 1978, provides in relevant part:

491.015. Prosecuting witness in rape case not to be interrogated as to prior sexual conduct.

1. In prosecutions for the crimes of rape, attempt to commit rape, or conspiracy to commit rape, opinion and reputation evidence of the complaining witness' prior sexual conduct is inadmissible; evidence of specific instances of the complaining witness' prior sexual conduct or the absence of such instances or conduct is inadmissible, except where such specific instances are:

(1) Evidence of the sexual conduct of the complaining witness with the defendant to prove consent and the evidence is reasonably contemporaneous with the date of the alleged crime.

\* \* \* \* \* \*

2. Evidence of the sexual conduct of the complaining witness offered under this section is admissible to the extent that the court finds the evidence relevant to a material fact or issue.

Defendant's motion for admission of the evidence stated that the defendant and prosecutrix had had consensual sexual relations at least one time and possibly as many as three or four times. He moved for admission of evidence of the sexual relations, and the court held an in camera hearing on the issue. At the hearing defendant testified he had had consensual sexual relations with prosecutrix once in July or August on their second date, once six days later, and once in January about six days before the alleged rape. He testified he did not see her between August and January. Prosecutrix testified that she had had sexual relations with defendant only one time in August or September. She stated she had not seen him again until January 10, 1980. The court ruled that defendant could inquire into the sexual intercourse between defendant and prosecutrix that allegedly occurred on January 5 or 6, 1981, as it related to the issue of consent. The court further ruled that defendant could not inquire into the sexual relations that occurred in August and September.[1]

---

1. We note that the defendant did not take advantage of the latitude given him by the court's order. He produced no evidence of intercourse on January 6, 1981. He did not take the stand.

Defendant challenges the constitutionality of the "rape shield" law. Since the briefs in this case were submitted, the Missouri Supreme Court had held in *State v. Brown,* 636 S.W.2d 929 (Mo.1982) that § 491.015 is constitutional on its face. Further, we find that the trial court here did not apply the statute in an unconstitutional manner. The court determined that evidence of the alleged January 6, 1981, sexual contact was relevant to the issue of consent and permitted inquiry regarding that incident. In view of all the circumstances, we cannot find the court abused its discretion in refusing to admit evidence of the late summer contacts. Those incidents of alleged sexual contact were not "reasonably contemporaneous with the date of the alleged crime," § 491.015.1(1), and their relevance to the issue of consent is dubious at best.

Defendant's fourth point is "the trial court committed reversible error in allowing the complainant to testify to statements made by a third party, Dennis Adams, which tended to incriminate the appellant." Neither in his motion for new trial nor in his point on appeal has defendant specified which statements by Adams he objects to. Therefore, his point is not in compliance with Rule 30.06(d), *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), and our inquiry is limited to determining whether the court committed plain error from which "manifest injustice or miscarriage of justice has resulted." Rule 30.20.

In the argument portion of his brief, defendant referred to testimony on pages 89, 90 and 101 of the transcript. Those pages contain testimony of prosecutrix as to statements made by Adams. We have examined those statements and have found that all were made during the commission of the crimes by defendant's co-actor. Therefore, those statements were properly admitted as part of the *res gestae. State v. Lee,* 626 S.W.2d 252, 254 (Mo. banc 1982); *State v. Peters,* 123 S.W.2d 34, 38 (Mo.1938).

In his final point defendant alleges that the trial court erred in denying his "motion in the nature of a writ of error coram nobis." Defendant sought a new trial because one of his co-actors had been acquitted of charges arising out of this incident after defendant was convicted, and the co-actor would therefore be available to testify for defendant. Defendant's motion does not allege facts sufficient to entitle him to a new trial. We find the court did not err in denying the motion. For similar circumstances and the same result, see *State v. Nelson,* 532 S.W.2d 806, 810 (Mo. App.1975).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

After the court overruled the state's objection to his question regarding that alleged incident of intercourse on cross-examination of the prosecutrix, he did not pursue it further.