**STATE of Missouri, Respondent,**

**v.**

**Robert HUTTON, Jr., Appellant.**

**No. 43667.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 2, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Dec. 17, 1982.

Application to Transfer Denied
Feb. 23, 1983.

Thea A. Sherry, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, Craig Ellis, Asst. Pros. Atty., Clayton, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted, in a jury trial, of stealing without consent, § 570.030, RSMo (1978). The trial court found that appellant was a persistent offender, § 558.-016, RSMo (1978), and sentenced him to ten years imprisonment. This appeal ensues. We affirm.

Since appellant does not challenge the sufficiency of the evidence, we will briefly summarize the facts. On August 24, 1979, Susan Musgrave parked her husband's car in the parking garage of a local department store. She then took her keys and went in the store to shop. Upon returning from shopping, Mrs. Musgrave saw her car rolling backwards from the parking space with the appellant in the driver's seat. She attempted to enter the car but the appellant drove away. The Kinloch police discovered the car three days later and returned it to her.

Appellant first contends that the trial court erred in overruling appellant's objection and request for a mistrial during the State's closing argument. The prosecution first drew the jury's attention to the courage of the victim in attempting to prevent the theft of the motor vehicle. He then stated: "She had the courage to come forward as a witness and cooperate with the prosecutor's office and perform her civic duty. She got her car back a week later. She could have said she didn't want to bother to come to court with all the delays, she don't [sic] want to be bothered to go to the police station or coming to the hearing or sitting around here this week. She don't [sic] have a stake in the outcome of this trial. The person with the stake in the outcome of this trial is Robert Hutton sitting at the table, the man who took the car. *The defense has not introduced one shred of evidence in this case.*" (Emphasis added.)

Appellant argues that the prosecutor's argument constituted an improper comment upon his failure to testify. We disagree. Control of oral argument is within the discretion of the trial court and will not be interfered with unless the trial court abuses its discretion to the prejudice of the defendant. *State v. Dickson,* 596 S.W.2d 482 (Mo.App.1980).

Section 546.270, RSMo (1978), and Rule 27.05 provide that if the accused does not avail himself of his right to testify, his failure to testify should not be referred to by any attorney in the case nor be considered by the court or jury.[1] The prohibi-

---

1. We note that the appellant offered, and the court gave, Instruction No. 9 (MAI–CR2d 3.76) which reads as follows:

"Under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be

tion is against commenting on the failure of the accused to testify; not that the defendant did not offer evidence. *State v. Morgan,* 444 S.W.2d 490 (Mo.1969); *State v. Mandina,* 602 S.W.2d 207 (Mo.App.1980). The prosecutor's closing argument did not constitute a reference to the appellant's failure to testify and was therefore permissible. Appellant's first contention is denied.

■ Appellant next contends that the trial court erred in refusing appellant's proffered Instruction "A"[2] on identification, a non-MAI–CR2d instruction. In Missouri, it is unnecessary to give an instruction on identification when other instructions given to the jury adequately present the defendant's theory. *State v. Quinn,* 594 S.W.2d 599 (Mo. banc 1980); *State v. Manning,* 634 S.W.2d 504 (Mo.App.1982); *State v. Holmes,* 622 S.W.2d 358 (Mo.App.1981). Appellant's second contention is without merit.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

drawn from the fact that the defendant did not testify."

2. The rejected instruction reads as follows:

INSTRUCTION NO. A

One of the questions in this case is the identification of the defendant as the one who committed the crime. The prosecution has the burden of proving beyond a reasonable doubt, not only that the crime was committed, but that the defendant was the person who committed it.

In considering whether the prosecution has proved beyond a reasonable doubt that the defendant is the person who committed the offense, you should consider the following:

The witness's opportunity to observe the criminal acts and the person committing them, including the length of time available for observing, whether the witness had occasion to see or know the defendant before the incident; the distance between the various parties; the light or lack of light at the time; the witness's state of mind at the time of the offense; and other circumstances affecting the witness's opportunity to observe the person committing the offense.

The identification made by the witness after the offense must be the product of his own memory. You may take into consideration any subsequent identification, the circumstances surrounding the identification, the certainty or lack of certainty expressed by the witness, the state of mind of the witness at the time, and other circumstances bearing on the reliability of the identification. You may also consider the length of time that elapsed between the occurrence of the crime and the time the witness saw the defendant as a factor bearing on the reliability of the identification.