STATE of Missouri, Respondent,

v.

Roscoe COTTON, Appellant.

No. 46896.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Nov. 15, 1983.

Application to Transfer Denied
Dec. 20, 1983.

William H. Shaw, Public Defender, Stormy B. White, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted of assault in the first degree, a violation of § 565.050, RSMo. 1978, and was sentenced as a persistent offender to life imprisonment. He appeals. We affirm.

Defendant does not challenge the sufficiency of the evidence. The evidence established that in late October, 1981, Ingrid Smith and Annette Tatum, employees of the Ladies Center in University City, an abortion and family planning center, were leaving work for the day. A man identified as defendant approached Annette Tatum in the parking lot and stated he was looking for work. Ingrid Smith told him that men were not employed there and he left.

Two weeks later, on November 10, 1981, at approximately 10:00 a.m., defendant entered the Ladies Center. He walked to the reception window and asked for a woman by name. Annette Tatum replied there was no one there by that name. Defendant repeated the question and received the same answer. Holding a gun in his hand, he then opened a door leading into the inner office and entered. He ordered the two women onto the floor. Ingrid Smith did not comply with this order but instead ran out the back door. At that point, the weapon discharged accidentally and a bullet fragment entered Annette Tatum's head rendering her unconscious. A short time later, a delivery man, Maurice Trammell, saw defendant running from the area.

Annette Tatum and Ingrid Smith identified defendant in a photographic array approximately two weeks after the crime. That same day they both identified defendant in a one man show up. All three witnesses identified defendant at trial without qualification. Defendant testified in his own behalf. He stated he was not at the Ladies Center at the time in question; but he could not remember exactly where he was at the time.

On appeal, defendant challenges the trial identification of Annette Tatum and Ingrid Smith. He alleges that his motion to suppress their identification testimony should have been granted because of an impermissibly suggestive out-of-court identification procedure.

In determining whether a pre-trial confrontation between the accused and the identifying witnesses is so tainted by suggestive factors as to violate the accused's right to due process of law, we review the totality of the circumstances surrounding the confrontation. *State v. Bivens*, 558 S.W.2d 296, 299 (Mo.App.1977). Each case must be judged on its own facts to ascertain if the confrontation was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *State v. Davis*, 547 S.W.2d 482 (Mo.App.1976).

Immediately after the attack, all three witnesses gave a description of the assailant to the police. Annette Tatum described the assailant as between five foot five and five foot six inches in height. Ingrid Smith described him as age 50, five foot eight, 150 to 160 pounds and having black hair. De-

fendant was 50 years old, five foot two, weighed 136 to 138 pounds, and had reddish hair. While Annette Tatum was in intensive care at the hospital, both she and Ingrid Smith were shown an array of photographs. Ingrid Smith picked out a photograph of defendant and stated it looked like the "fellow" who had been in the clinic, however, Annette Tatum's serious physical condition prevented her from completing the viewing of the photographs.

Approximately two weeks after the assault, both women again separately viewed several hundred photographs at the police station. Both women tentatively identified the defendant's photograph as the person who had been in the Ladies Center. There is no allegation that the police made any suggestive remarks during either of these two photographic displays.

That same evening, defendant was brought to the police station and was given *Miranda* warnings. Because of his age (50) and size (5′2″), the police had difficulty in finding others to place in a lineup. Defendant agreed that the two witnesses could view him in a one man lineup. Ingrid Smith testified she identified defendant immediately. Annette Tatum testified she identified defendant as her assailant, but that she could not be positive of her identification.

■ A show up is not necessarily impermissibly suggestive, though, we acknowledge that it has usually been upheld where the show up is conducted in close proximity to the time of the crime. *See State v. Johnson,* 628 S.W.2d 904, 907–08 (Mo.App. 1982); *State v. McCrary,* 652 S.W.2d 220 (Mo.App.1983). A lineup containing several individuals would have been preferable but the defendant expressly agreed to this procedure after *Miranda* warnings were given to him.

■ Even if the show up was impermissibly suggestive, the in-court identification is still admissible because it had an independently reliable basis. *State v. Kirk,* 636 S.W.2d 952, 955 (Mo.1982).

Both witnesses had seen defendant on two separate occasions. The second time, each was able to observe the defendant in a well lighted room from a short distance. Each noted their attention was immediately directed to defendant because it was quite unusual to see a man at the Ladies Center. While the descriptions that the two witnesses gave the police did not completely match defendant's appearance, both witnesses had picked out defendant's photograph prior to the show up. We have carefully reviewed the entire record and conclude that each witness had an independent basis for their in-court identification testimony. The trial court committed no error in allowing their testimony.

■ In defendant's last point, he alleges the trial court erred in refusing to submit to the jury a non-MAI-CR2d identification instruction. This court has consistently held that it is unnecessary to give a separate identification instruction when the other MAI–CR2d instructions adequately present defendant's theory of innocence. *State v. Hutton,* 645 S.W.2d 22, 24 (Mo.App. 1982); *State v. Manning,* 634 S.W.2d 504, 506 (Mo.App.1932); *State v. Holmes,* 622 S.W.2d 358, 361–62 (Mo.App.1981). The instructions given adequately instructed the jury. The trial court did not abuse its discretion in refusing to give the proffered instruction.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.