**STATE of Missouri, Respondent,**

v.

**Zoeundra McCAIN, Appellant.**

**No. 46675.**

Missouri Court of Appeals,
Eastern District.

Oct. 18, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 28, 1983.

Robert J. Maurer, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Prosecuting Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of robbery in the first degree, § 569.020, RSMo. 1978. He was sentenced to fifteen years' imprisonment, as had been assessed by the jury. Defendant appeals, claiming the trial court erred by failing to dismiss a juror for cause and by refusing his requested identification instruction. We affirm.

The evidence adduced at trial indicated that after shopping at a St. Louis shopping center on August 19, 1981, the victim and her mother returned to their automobile parked in the shopping center parking lot. There, at approximately noon, they were confronted with four black men. While one held a gun on the victim and took her purse, the others unsuccessfully attempted to take her mother's purse. The four then fled from the scene, stopped briefly near the shopping center entrance, and, as the victim watched, headed in different directions.

Within a half-hour of the incident, police took the victim to a place near the shopping center where two men had been detained. She told officers that the men looked like those involved in the crime. Police then escorted the victim to a location near the shopping center entrance where they found a loaded .38 caliber revolver; she indicated it looked like the weapon used in the robbery. Lastly, police took the victim to a restaurant located less than a half-mile from the shopping center, where they had detained two other men, one of which was defendant. After viewing these men, the victim again stated that they looked like those involved.

At trial, a police officer testified that he observed defendant and another man running down a street in the vicinity of the crime. When the two spotted the officer they stopped running but continued to walk at a brisk pace, frequently looking back in the officer's direction. Both men walked into a restaurant parking lot, and, as the officer watched, both removed their baseball caps. Defendant threw both caps, along with another object, into the trash dumpster. At the same time, the other man walked behind the dumpster. The officer then arrested both men. The caps and the victim's wallet were found in the dumpster. A later search revealed that the victim's purse had been placed in the slats of the fence surrounding the dumpster from behind it. At trial, victim made a positive identification of defendant as her gun-wielding assailant.

Defendant's principal point on appeal is that the court erred in refusing to strike a venireman for cause. This issue was not preserved for review, Rule 29.11(d), and thus our only review is under the plain error standard. Rule 30.20. Since the evidence of defendant's guilt is strong, we find no need to invoke plain error. However, even if we were to consider defendant's allegation under the plain error standard, the trial court enjoys broad discretion in determining the qualifications of a prospective juror, *State v. Treadway*, 558 S.W.2d 646, 649 (Mo.banc 1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), and we find no abuse of discretion in the present case.

The challenged venireman had recently appeared as a state's witness in an unrelated case. He was not the victim in this matter. However, he had been the victim of a burglary in the past. Initially, the venireman indicated that he might "possibly" be more sympathetic to the state's evidence. However, later he responded to

the prosecutor's questions by unequivocally stating that he could listen to the evidence with an open mind; withhold judgment until all evidence was in; and view all the testimony presented by witnesses for both sides on an equal basis. Consequently, the court denied the motion to strike, indicating that the juror's prior equivocal answers may have resulted from confusion.

Defendant suggests that these facts are similar to those of *State v. Williams*, 643 S.W.2d 832 (Mo.App.1982), where this court found error in the court's refusal to excuse a juror. However, we find *State v. Boyd*, 643 S.W.2d 825 (Mo.App.1982) more on point. There the venireperson stated that she would be impartial, after initially making equivocal statements. Like this case, the "responses were not so equivocal as to require the trial judge to inquire further for clarification, and her testimony was sufficient to permit the court to find she could be a fair and impartial juror." *Id.* at 829. Under these facts, therefore, we can find no abuse of discretion.

■ Defendant also contends that the trial court erred in refusing a separate identification instruction. This point has been raised in numerous cases; each time the argument has been rejected. *E.g. State v. Cotton*, 660 S.W.2d 365 at 367 (Mo.App. 1983); *State v. Hutton*, 645 S.W.2d 22, 24 (Mo.App.1982); *State v. Manning*, 634 S.W.2d 504, 506 (Mo.App.1982); *State v. Swink*, 620 S.W.2d 63, 64 (Mo.App.1981); *State v. Jones*, 607 S.W.2d 740, 742 (Mo. App.1980). Simply put, no separate cautionary identity instruction is required in Missouri where other MAI–CR2d instructions adequately present defendant's theory of innocence. Accordingly, we find no need to again discuss this contention, which is so thoroughly addressed and clearly rejected by the appellate courts of this state.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.