**STATE of Missouri,**
**Plaintiff-Respondent,**

**v.**

**James Lee HUNT, Defendant-Appellant.**

**No. 46616.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 6, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1984.

Application to Transfer Denied
Feb. 15, 1984.

Debra B. Arnold, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of burglary in the second degree in violation of § 569.170 RSMo 1978. The court found defendant to be a persistent offender and sentenced him to 12 years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence to support his conviction, and hence the facts are briefly stated. In the early morning hours of February 20, 1982, police responded to a burglar alarm at a St. Louis company. There they found the side door forced open. The defendant was found inside the building, prying open a cashier's drawer with his screwdriver. The owner of the establishment later indicated he had never seen defendant before and had not given him permission to be in the building.

At trial, defendant testified that he was simply walking past the store on his way to work. The police officers stopped him, dragged him into the store, handcuffed him and beat him.

In his sole point on appeal, defendant contends that the trial court erred in failing to remove for cause a prospective juror. In voir dire, the prosecutor told the jury panel that the main witnesses, other than the store owner, were police officers. The defendant contends venireman Fox was prejudiced because his son hopes to become a police officer. Furthermore, the defendant claims that venireman Fox's responses during voir dire indicate he would give greater weight to the testimony of police officers.

Fox indicated on voir dire that his son wanted to be a police officer. Moreover, in response to questions concerning police testimony venireman Fox noted that police officers would be sworn, and therefore, had to tell the truth. Defense counsel then inquired whether, just because a witness was under oath, he had to tell the truth. To this venireman Fox indicated "[t]hey can be perjured. They're sworn to tell the truth. It doesn't make any difference if that man's in uniform or in civilian clothes like myself."

What followed was a lengthy discussion between the venireman and defense counsel. During the course of this discussion,

counsel again asked if police officers were more likely to tell the truth. Fox responded "not any more or less than any minister. Like I say, you get into the thing of being a professional." Thereafter, Mr. Fox indicated in response to defense counsel's questions, that he believed professionals were more likely to tell the truth, but unequivocally stated that he would not give greater weight to the testimony of police than to non-professional civilian witnesses. Asked again if police were more likely to tell the truth, the venireman stated:

I would; not more likely to, but I think he would probably be more trained to bring out things—these facts. It would be more pertinent to it. Maybe I don't know. I think we're arguing on a fine point. No, I don't think it would be any different.

After further inquiry by defense counsel, the witness finally stated:

Well then, let me ask you this—or I may be out of line. Are [the police] the only witnesses that they have? In other words, if they would have a civilian up there, I would give them—elicit them just as well as I would the policeman. It carries no fact there. It seems to me like you're striving to make a difference between a civilian witness and a police officer.

Thereafter, the venireman reiterated that police were not more likely to tell the truth. Finally, when asked what he would do if confronted with two witnesses offering conflicting testimony under oath, he stated, "you [have] got to hear both sides of the story."

Subsequently, the court denied defendant's motion to strike. Defense counsel then utilized a peremptory strike to remove the venireman.

■ It is well settled that the potential juror's relationship to a policeman, standing alone, does not constitute a basis to challenge the juror for cause. *State v. Eaton,* 504 S.W.2d 12, 17 (Mo.1973); *State v. Boyd,* 643 S.W.2d 825, 829 (Mo.App.1982). Here, the relationship between the venireman and police is still more tenuous, since the venireman's son was merely in training for police work. Thus, the fact that the venireman's son was a prospective police officer is not sufficient ground to excuse him for cause, absent evidence of bias on his part toward police officers.

■ Furthermore, we note the trial court enjoys broad discretion in determining the qualifications of a prospective juror. *State v. Pennington,* 642 S.W.2d 646, 649 (Mo. 1982). Its ruling will not be disturbed unless it can be said to be a clear abuse of discretion. *State v. Treadway,* 558 S.W.2d 646, 649 (Mo. banc 1977), *cert. denied,* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135, overruled on other grounds, *Sours v. State,* 593 S.W.2d 808 (Mo. banc 1980).

■ Our evaluation of Mr. Fox's responses leads us to the conclusion that the trial court did not abuse its discretion in overruling the motion to strike for cause. If, in response to questions regarding potential prejudice, a venireman gives equivocal answers, the judge has a duty to seek clarification of those answers, *State v. Ealy,* 624 S.W.2d 490, 493 (Mo.App.1981), unless the clarification comes from counsel. *State v. Boyd,* 643 S.W.2d at 829; *State v. McCain,* 662 S.W.2d 864 (Mo.App.E.D.1983). In the present case, after initially making somewhat equivocal statements, the venireman unequivocally stated that he would not give greater weight to police testimony. He indicated that professionals, like police, might be more believable only because their testimony might be more pertinent. Significantly, in response to further defense questions, the venireman finally stated that counsel seemed determined to draw a distinction between police and civilians where the venireman saw none; he further reiterated that he would consider all testimony on an equal basis. Under the circumstances, we find no abuse of trial court discretion.

*Affirmed.*

KAROHL, P.J., and CRANDALL, J., concur.