**STATE of Missouri, Respondent,**

v.

**Ronald Bernard BRITT, Appellant.**

**No. 46182.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 6, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

Robert J. Maurer, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Stealing. A jury found defendant Ronald B. Britt guilty of stealing garments from a department store. The trial court sentenced him as a persistent offender to ten years in prison. Defendant offered no evidence and does not challenge the sufficiency of the state's evidence.

The only point here is that the trial court erred in overruling defendant's trial objection to the state's closing jury argument: "The prosecutor focused the attention of the jury on appellant's failure to present evidence and testify personally."

The challenged closing jury argument: paraphrased:

The prosecutor: "... during the voir dire you remember defense counsel says the defendant doesn't have to put on any defense at all."

Defense counsel: "Objection."

The court: "Overruled."

The prosecutor: "The point is they don't have to put on any defense."

Defense counsel: "Renew my objection."

The court: "Overruled."

The jury argument was not a "direct and certain reference" to failure of the accused to testify. See *State v. Hutchinson*, 458 S.W.2d 553[3] (Mo. banc 1970). That case was followed in *State v. Pruitt*, 479 S.W.2d 785[8] (Mo. banc 1972); there the court distinguished between a prosecutor's impermissible comment about defendant's failure to testify, and as here, the permissible comment that defendant offered no evidence.

The principle cited in those cases was recently followed by this court in *State v. Hutton,* 645 S.W.2d 22[1, 2] (Mo.App.1982), where we tersely ruled: "The prohibition is against commenting on the failure of the accused to testify; not that defendant did not offer evidence."

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.