**STATE of Missouri, Respondent,**

v.

**Clarence WILLIS, Appellant.**

**No. 46882.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 21, 1984.

Kathryn Shubik, Thomas S. Hyatt, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Appellant was convicted by a jury of two counts of robbery in the second degree, § 569.030, RSMo (1978), and was sentenced as a persistent offender to thirty years' imprisonment on each count to be served concurrently. Appellant appeals, claiming that the trial court erred by refusing his requested identification instruction and by refusing a jury member's request to take exhibits into the jury room during deliberation. We affirm.

Since appellant does not challenge the sufficiency of the evidence, we will briefly summarize the facts. At about 9 p.m. on September 30, 1981, Montrey's Tavern in Hazelwood was robbed by appellant and another armed male. Lori Nester, an employee, was approached by appellant who ordered her to give him the money. She complied by opening the cash register and giving him over $400. Appellant also took Mrs. Nester's purse and left. During this time, the other robber could be seen near the door. Mrs. Nester and another employee were each shown photographs in which they identified appellant as the first robber. Both women were also shown a five-man lineup in which each again identified appellant. At trial they again identified appellant.

 Appellant first contends that the trial court erred by refusing his requested identification instruction, which is a non-MAI–CR2d instruction. This point has been raised in numerous cases and rejected each time by this court. *E.g. State v. Cotton*, 660 S.W.2d 365, 367 (Mo.App.1983); *State v. Hutton*, 645 S.W.2d 22, 24 (Mo. App.1982); *State v. McCain*, 662 S.W.2d 864 at 866 (Mo.App.1983). It is well settled that, in Missouri, it is unnecessary to give an instruction on identification when other instructions given to the jury adequately present the defendant's theory. Appellant's contention is denied.

Appellant next contends that the trial court erred in refusing a jury member's request to take certain exhibits into the jury room during deliberation. This allegation refers to the question, "Do we take them?" asked by a juror as he was leaving to go to the jury room. The court responded, "If you want to see any of that, send a note later." It is clear from the record that no jury member actually requested to take an exhibit into the jury room, and equally clear that the court did not refuse such a request. Thus, appellant's second contention is also without merit.

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.