**STATE of Missouri, Respondent,**

v.

**John B. GAINES, Appellant.**

**No. 46962.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

March 27, 1984.

Gary Lett Smith, Dexter, for appellant.

H. Morley Swingle, Cape Girardeau, for respondent.

CRIST, Judge.

Appeal from a jury conviction for driving while intoxicated, § 577.010, RSMo (Supp. 1983), and failure to drive on the right half of the roadway, § 304.015 RSMo 1978. Defendant was sentenced to 45 days in the county jail and a $200 fine for driving while intoxicated and a $25 fine for failure to drive on the right half of the road.

The state has correctly asserted all six of defendant's Points Relied On are defective and do not comply with Rule 30.-06(d). Defendant has not seen fit to amend his brief, file a reply brief, or respond in any way to the state's legitimate complaint. Such briefing preserves nothing for appellate review. *State v. Pennington,* 618 S.W.2d 614, 619 (Mo.1981). We have, however, reviewed *ex gratia* the briefs and record on appeal, and have determined defendant is not entitled to a new trial. *State v. Boyd,* 643 S.W.2d 825, 830 (Mo. App.1982).

Defendant generally complains of the cross-examination of a witness; the overruling of a pretrial motion; Instruction No. 5 and improper final argument. With reference to these points relied on, we believe no jurisprudential purpose would be served by written opinion. We affirm the judgment relating thereto in accordance with Rule 30.25(b).

■ The seminal issue in this case is whether the trial court committed plain error in allowing the prosecutor to question the defendant about prior convictions for weapons offenses.

On direct examination, defendant stated he had not been convicted of anything. On cross-examination, defendant repeated that assertion. When asked if he recalled being in Belleville, Illinois about July 1, 1976, defendant stated, "I'll take that back. Yes, I was arrested in Belleville."

At a court conference, the prosecutor stated Exhibit 1 was a certified copy of State of Illinois convictions of defendant's defacing a gun identification, unlawful use of a weapon and lack of firearms identification. The only objection posed as to the admission of the exhibit was defense counsel had not been furnished a copy of the convictions record prior to trial. This objection was overruled.

The prosecutor continued to cross-examine defendant about the convictions, which defendant denied. Defendant then said the gun, when found by police officers, had the identification number scratched off and was lying in the back seat of a car in which defendant was a passenger. The gun was loaded with hollow point shells, according to the prosecutor's questions. Defendant's lawyer objected on relevancy grounds. The trial court, on its own, stated the prosecutor had gone beyond the scope of examination, but could inquire as to Exhibit 1. Defendant continued to deny the convictions. At the close of all the evidence, but before closing arguments, the prosecutor stated he would like for the jury to be allowed to take Exhibit 1 to the jury room. The trial court refused the request, and then stated it was going to deny the admis-

sibility of Exhibit 1 because it was not properly certified even though defendant's lawyer had made no hearsay objection.

■ Generally, the use of prior convictions for purposes of impeachment is limited to showing the nature and number of those convictions. Prosecutors may not delve into the details of prior convictions, or emphasize them unduly. *State v. Powell*, 632 S.W.2d 55, 58 (Mo.App.1982). Here, the point relied on was not preserved because of the lack of proper and timely objections to the admissibility of the exhibit and to the questions of the prosecutor. Since defendant denied the prior convictions it was proper for the trial court to permit the prosecutor to test and challenge such statements. *State v. Powell*, 632 S.W.2d at 58. The trial court granted defendant all relief requested by him at trial. Evidence of defendant's guilt was strong. The admission of the uncertified copies of the convictions, without proper objection, was not so objectionable as to rise to plain error. We find no manifest injustice or miscarriage of justice resulting from such admission. Rule 30.20.

Judgment affirmed.

DOWD, C.J., and CRANDALL, J., concur.