STATE of Missouri, Respondent,

v.

Michael A. VAUGHN, Appellant.

No. 51312.

Missouri Court of Appeals,
Eastern District,
Division One.

July 14, 1987.

Motion for Rehearing and/or Transfer Denied Aug. 18, 1987.

Application to Transfer Denied Oct. 13, 1987.

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction of voluntary manslaughter. Defendant was found to be a prior offender and was sentenced to seven years' imprisonment. We affirm.

After an altercation as to whether defendant stole money from victim's friend, defendant left the room and came back with two knives from the kitchen. Defendant stabbed victim eight times, causing his death, at a time when victim was unarmed. The evidence of guilt was strong and de-

fendant does not question the sufficiency of the evidence.

Defendant seeks review for plain error, Rule 30.20, on his sole point on appeal. Defendant claims the trial court abused its discretion in failing to strike for cause two prospective jurors. While the complained of prospective jurors were struck by the defendant with his peremptory challenges, defendant claims he was deprived of a full panel of qualified jurors from which to make his peremptory strikes.

After having already struck for cause several prospective jurors because they said they could not be fair, the trial judge became concerned the prospective jurors were using this as an excuse to get off the jury. The trial judge stated:

> This court is no longer going to just take people off this panel because they say they can't be fair. I want to know why .... They know they can get off of this case and go home today. That's common knowledge. Unfortunately, it's become infectious and they are going to have to, on the record, display to me their inability to be fair and impartial to both sides; otherwise, they're going to stay on this panel.

Thereafter, venireperson Starks, as a prior victim of crime, expressed doubt if he could be fair. He said he would try to be fair. He was not questioned by the trial court. He did not say he could be fair or that he could not be fair.

Venireperson Gunn, who had two family members who had been murdered, stated she was unable to say whether or not she could be fair, even after questioning by the trial court. At the trial, the State agreed Gunn should be stricken for cause because of "stating pretty unequivocally that she thinks she can't be fair to the defendant." The trial court responded "that's not my understanding of what she said," and it overruled defendant's motion to strike Gunn, Stark and two other prospective jurors.

This court has the discretion to consider plain error if we find that manifest injustice or miscarriage of justice has resulted. Rule 30.20. There is no need to invoke plain error in a case such as this where the evidence of defendant's guilt is strong. *State v. McCain,* 662 S.W.2d 864 (Mo.App.1983). Moreover, neither venireperson Gunn nor Stark served on the jury. The prejudices they may have had were not exposed to the other jurors during the deliberations which resulted in defendant's convictions.

In normal circumstances, a trial judge is given great discretion in determining whether a prospective juror is qualified based on his ability to observe and evaluate the demeanor of a prospective juror. *State v. Smith,* 649 S.W.2d 417, 422 (Mo. banc 1983). A decision of the trial judge will not be disturbed absent a clear abuse of discretion and a real probability of injury to the complaining party. *Id.* We find no clear abuse of discretion and no real probability of injury to defendant.

Judgment affirmed.

SATZ, P.J., concurs.

KELLY, J., concurs in result.