STATE of Missouri, Respondent,

v.

William NORTHERN, Appellant.

No. 55998.

Supreme Court of Missouri,
Division No. 1.

Nov. 8, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Rodney Weiss, Sanford Goffstein, Rosenberg, Weiss, Goffstein & Kraus, St. Louis, for appellant.

SEILER, Judge.

In a trial before the court, defendant was found guilty of rape and sentenced to ten years' imprisonment. He appeals.

The defense was consent and cooperation. Defendant was prosecutrix's brother-in-law. Each was thirty six years old and lived, with their respective spouses, in the same general area in St. Louis and the two families were together frequently. The prosecutrix's account was that defendant came to the apartment at night while her husband was away at work, was admitted on the pretext his wife was sick and wanted her, and once inside forced her into the bedroom and assaulted her. Defendant's version was that he stopped by to leave her some food he had picked up at a drive-in, that she, in her nightgown, led the way back to the bedroom, and willingly engaged in intercourse.

Defendant's contention is that the testimony of the prosecutrix is contradictory, not convincing, leaves many doubts and hence her uncorroborated testimony is not sufficient to sustain his conviction, citing State v. Quinn (Mo.Sup.) 405 S.W.2d 895, 897, where the rule has been recently stated.

The trial court resolved the case on the issue of credibility, saying " * * * this is simply a case of believability to me and Mrs. Walker's testimony is more believable, particularly in view of the medical corroboration and the other corroborated testimony * * *" The court, no doubt, had reference to the testimony as to swollen lips (defendant hit her on the mouth, she said, and loosened a tooth, which fell out a few days later), stains on the sheet (observed by the investigating officer, in contrast to defendant's testimony that she had spread a towel on the bed), and the fact that prosecutrix was still having a vaginal discharge as aftermath of birth of her child a month before (making voluntary intercourse less likely). Additionally, if it were a case of consent and cooperation, there would be no reason why she would have told her husband about it when he arrived home from work a few hours after the event, as she did. Also, we note that while defendant and prosecutrix had known each other for some time and prosecutrix had stayed at the house of defendant and wife for a month or so before she married the brother of defendant's wife, there even being occasions when she and defendant were alone in the house at night when defendant's wife was in the hospital, defendant made no claim of prior intimacies, although had such been the fact, it

would have been admissible " * * * as showing an inclination on her part to consent to his embraces and thus negating an essential element of the crime charged * * * ", Wigmore on Evidence, 3rd ed., Vol. II, Sec. 402, p. 369; see also Vol. I, supra, Sec. 200, p. 688.

■ Under these circumstances, we do not consider the failure of the prosecutrix to attract attention by screaming (her testimony was he said he would kill her if she did) or defendant's not leaving the house until 4:30 a. m. although the intercourse was over around 2:30 a. m., or her failure to arouse the neighbors after he departed (she testified she had no telephone, the landlady was on vacation, and the girls living in the upstairs apartment were apparently not at home) or the police not being called until after her husband got home, means the evidence fails to sustain the verdict.

■ Defendant contends we should review the case de novo and that not to do so is an unconstitutional discrimination between civil and criminal litigants in jury-waived cases, and destroys the concept that findings of fact should be examined at least once before they are given any degree of finality. But the Missouri constitution expressly provides the findings of the trial court in a jury-waived criminal case shall have the force and effect of a verdict of a jury, Art. I, Sec. 22(a), V.A.M.S., and so the question on appeal is whether there was substantial evidence to support the finding, State v. Hatfield (Mo.Sup.), 465 S.W.2d 468, 470.

We do not see why Missouri cannot constitutionally handle appeals in jury-waived criminal trials this way. No discriminating application is made against defendant. If a justification is needed for not having a de novo review of the facts in a jury-waived criminal appeal, it could be found in the different degree of proof required in criminal and civil cases—proof beyond a reasonable doubt as compared to proof by preponderance of the greater weight of the evidence. Facts must be more firmly established in the former to begin with. We note, too, the same limited review prevails in the federal courts on appeals from jury-waived convictions. "The scope of review of a judicial determination of guilt does not differ from the scope of review of a jury verdict. On appeal the court takes the view of the evidence most favorable to the government, and affirms if there is substantial evidence of guilt. This standard also applies to appellate review of special findings of fact by the trial court. No statistics are readily available to show the proportion of reversals in court as compared to jury trials. On the one hand, the appellate judge's conception of reasonable doubt is more apt to coincide with the trial judge's conception than with the jurors'. On the other hand, appellate judges are doubtless less reluctant to set aside the verdict of a single judge than that of twelve jurors. In practice, these factors probably tend to balance out". Moore's Federal Practice, 2nd ed., Vol. 8, Rules of Criminal Procedure, p. 23–14.

See also the observations of the United States Supreme Court on the subject in Woodby v. Immigration Service, 385 U.S. 276, 282, 87 S.Ct. 483, 486, 17 L.Ed.2d 362, as follows: " * * * The elementary but crucial difference between burden of proof and scope of review is, of course, a commonplace in the law. The difference is most graphically illustrated in a criminal case. There the prosecution is generally required to prove the elements of the offense beyond a reasonable doubt. But if the correct burden of proof was imposed at the trial, judicial review is generally limited to ascertaining whether the evidence relied upon by the trier of fact was of sufficient quality and substantiality to support the rationality of the judgment. In other words, an appellate court in a criminal case ordinarily does not ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt, but whether the judgment is supported by substantial evidence".

Defendant cites State v. Hardy, 359 Mo. 1169, 225 S.W.2d 693, 698, where the court commented on the desirability of defining the scope of review of fact questions in jury-waived criminal cases, as indicating the need for a de novo review in such cases. The Hardy decision was in 1950 and the first set of rules of criminal procedure was adopted by this court in 1952, effective January 1, 1953. These rules did not, however, provide for a de novo review of fact issues in a jury-waived case, but, to the contrary, followed the constitutional language that the court's findings should have the force and effect of the verdict of a jury. Rule 26.01(c), V.A.M.R., did have certain provisions for special findings and an opinion by the trial court, but these were directed toward bringing out what the trial court's view was of the applicable rules of law. In the case before us there is no argument over what rule of law applies or was followed below. The main issue was over the existence or non-existence of the fact of consent. We do not agree that it is a violation of due process or equal protection for us not to review this fact issue de novo and overrule the point.

Defendant, a high school graduate, also contends he waived a jury trial without a full understanding of the consequences thereof, but this claim was disallowed by the trial court after a post-trial evidentiary hearing where defendant and trial counsel testified. Defendant testified he was aware that if he waived a jury the judge would decide the case and that there would be no jury. His trial counsel testified he explained to defendant on several occasions that he could have the case tried by a jury or could waive a jury and let the court determine the law and the facts, and why counsel believed the latter was preferable in this case. Counsel said defendant also was interested in having the trial attract as little public attention as possible. Under these facts, we cannot say the court erred in overruling this contention.

Defendant's final contention is that he was materially prejudiced by being unable to obtain a transcript of the testimony prior to time for filing a motion for new trial, but this claim fades away when, now that a transcript is available, defendant fails to point out any error which he could have raised had he had the transcript, but which was not raised because of its absence.

Judgment affirmed.

All of the Judges concur.