STATE of Missouri, Respondent,

v.

John Edward BALL, Appellant.

No. 36297.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 5, 1975.

Motion for Rehearing or Transfer
Denied Sept. 8, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Timothy J. Verhagen, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Robert E. Ritter, Asst. Pros. Atty., Clayton, for respondent.

Shaw & Howlett, Clifford Charles Schwartz, Clayton, for appellant.

CLEMENS, Presiding Judge.

Defendant was tried and found guilty of forcible rape and in accord with the jury verdict the court sentenced him to five years imprisonment. He appeals.

The State's evidence: The victim and her boyfriend had car trouble on Woodson Road in St. Louis County. Defendant and a companion gave them a ride in defendant's car but refused to let them out when asked. Later, the car slowed and the victim and her boyfriend bolted from the car and were separated in flight. Defendant's companion overtook the victim when she fell, grabbed her and forced her back into the car. The two men then drove to a rural area where at knifepoint and by physical abuse both defendant and his companion twice forced the victim into acts of sexual intercourse. She again escaped from defendant's car but was forcibly recaptured. Later a police officer stopped the car and saw a knife thrown from a car window. The victim promptly complained to the officer that she had been raped. A physician examined her and testified to recent sexual intercourse and extensive abrasions.

Defendant testified he had had sexual intercourse with the victim but with her consent and cooperation.

■ On appeal we first rule on defendant's points relied on which are abstract statements and therefore preserve nothing for review. Rule 84.04(d). (We number the points as presented in defendant's brief.)

I. Defendant contends he was "constitutionally deprived of a speedy trial." The point is abstract and fails to comply with Rule 84.04(d) requiring points relied on to state "wherein and why" trial court rulings are erroneous. Defendant's brief fails to do so and preserves nothing for review. *State v. Dennison*, 428 S.W.2d 573[8] (Mo.1968).

III. Defendant contends the trial court erred in denying a mistrial when the State "asked the defendant on cross-examination if a certain witness was going to come into court to testify for the defendant." We hold this point relied on is abstract and for reasons previously stated preserves nothing for appellate review.

IV, V, VI. Defendant says the court erred "in refusing to submit to the jury" instructions A, B, C and D. These abstract points preserve nothing for our review.

VII. By this point defendant contends, without stating any reason, the trial court committed prejudicial error in denying "the defendant's motion to issue a Subpoena Duces Tecum" to a named police officer. Again the defendant has failed to comply with Rule 84.04(d) and we decline to rule the point.

IX. Again, without stating "wherein and why" the trial court erred and without supporting argument or citations, defendant contends the trial court erred in denying a mistrial when the State's counsel read from an exhibit contrary to a previous trial court order. The point relied on preserves nothing for review. Rule 84.04(d) and *Earney v. Clay*, 516 S.W.2d 59[1–3] (Mo.App. 1974).

Our consideration of the entire record shows none of the above points rises to the level of manifest injustice required to invoke the plain error rule. Rules 28.18 and 84.13(c).

■ II. By this point relied on defendant contends the trial court erred by refusing to permit him to cross examine the victim's companion about "having been convicted of a crime as a juvenile." The trial court correctly barred this attempted impeachment contrary to the Juvenile Code. § 211.271(3), RSMo; *State v. Williams*, 473 S.W.2d. 388[1] (Mo.1971). We have considered defendant's cited case of *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), where it was held a juvenile offender's record could be received to show his *bias* as a witness. *Davis* is inapplicable here.

■ VIII. Defendant contends the trial court erred in barring him from cross examining the. victim to attack her previous chaste character by showing specific acts of intercourse. Not so.

Defendant cites *State v. Northern*, 472 S.W.2d 409[1] (Mo.1971). By obvious *dicta* that court held a defendant charged with rape and contending the victim had consented could show prior voluntary intimacies *with the defendant.* For whatever substance that case may have, it does not help the defendant here. Nor does defendant's cited case of *State v. Kirkpatrick*, 428 S.W.2d 513[8–9] (Mo.1968), which not only fails to support defendant's contention but actually refutes it by holding "in a prosecution for rape where consent or lack of resistance is an issue, an attack upon the character of the prosecuting witness for morality and chastity can only be made by evidence of her general reputation in that regard and not by proof of specific acts of misconduct with other men."

Judgment affirmed.

KELLY and STEWART, JJ., concur.