STATE of Missouri, Respondent,

v.

Charles B. JOHNSON, Appellant.

No. KCD 30583.

Missouri Court of Appeals,
Western District.

March 3, 1980.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Gary L. Gardner, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

J. D. Williamson, Jr., John K. Weilert, Independence, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Carl Koupal, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and DIXON and SOMERVILLE, JJ.

WASSERSTROM, Chief Judge.

Upon a jury trial in August 1978, defendant was found guilty of sodomy and rape. He appeals on the grounds that: (1) The jury selection was unconstitutionally discriminatory within the ruling of *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); (2) the evidence was insufficient to support the conviction; and (3) the prosecutor made an improper argument to the jury.

Defendant's challenge to the sufficiency of the evidence will be considered first, because if that point be valid then the conviction should be reversed outright and defendant discharged. A ruling with respect to this point requires at least some brief reference to the testimony.

The prosecutrix testified that on the evening of April 4, 1978, she encountered defendant and a man referred to in the evidence as "Oink," both of whom she had known for some time, and they requested the prosecutrix to drive them to their home in her car. The prosecutrix agreed to do so, but upon stopping to drop them off discovered that one of her tires was going flat. After letting the two men out, she went into a neighboring house to call her husband, who, however, was unable to come pick her up. The prosecutrix then went to the house of Oink and defendant in order to try to borrow cab fare. The prosecutrix's testimony proceeded that defendant then grabbed her, pulled her into the back of the house, took off her clothes and sodomized and raped her. Then Oink also engaged in that activity, as did also a third occupant of the house named Darryl Smith. According to prosecutrix, she continued to be so victimized all through the night. She further testified that in the morning a fourth man in the house who had not participated in the sexual acts helped her to escape. She then proceeded to the house of her sister who lived in the vicinity and called the police.

Defendant argues that the state's case cannot stand without reliance upon the foregoing testimony by the prosecutrix, and that her testimony cannot be considered an adequate basis because of conflicts between her trial testimony and a prior statement given to the police. These conflicts consist of the following matters: (1) At trial the prosecutrix said that defendant grabbed hold of her on the porch, whereas the prior statement said that this happened inside the house. (2) At trial prosecutrix testified that Smith first appeared shortly after appellant committed the alleged rape, but in her statement she stated that she first saw Smith before the attack, as Smith walked into the house. (3) At trial prosecutrix described Oink bending her fingers and jeering at her while she was engaged in a sex act with Smith, whereas her statement

accused Oink of that conduct while she was engaged in a sex act by defendant. (4) At trial prosecutrix described simultaneous acts of rape by Oink and sodomy by Smith, but this description was at variance with what she described in her prior statement. (5) Prosecutrix's trial testimony was that the fourth man in the house assisted her in getting away while Oink had passed out, whereas in her statement she stated that Oink had threatened her in the morning and then had allowed her to leave.

The rule of law that governs this situation is stated in *State v. Rogers*, 583 S.W.2d 293 (Mo.App.1979), as follows:

"The testimony of a victim of rape or sodomy needs no other corroboration for submission of charges against the defendant. Evidence by the victim inherently contradictory or such as to leave the court clouded with doubt must be corroborated or the conviction will not stand, not because the testimony of a victim cannot stand alone, but because the law does not allow an inference of fact from evidence not substantial or probative of that fact."

Or as stated in *State v. Mazzeri*, 578 S.W.2d 355 (Mo.App.1979):

"The law is well settled that the uncorroborated testimony of the victim in a rape case is sufficient to support conviction unless her testimony conflicts with the physical and surrounding circumstances or with common experience so as to be so unconvincing and improbable that it is extremely doubtful."

The testimony of the victim is not considered to be "clouded with doubt" or "extremely doubtful" within the above rule merely because she falls into inconsistencies or contradictions as to minor points of a nonessential nature. In the present case, all of the matters of which defendant complains relate to relatively unimportant details. No discrepancy appears as to the essential elements of the crimes of rape and sodomy. What was said in *Mazzeri, supra,* is equally true here: "However, none of these misstatements or discrepancies went directly to any essential element of the state's case necessary to prove rape. With respect to all of those essential matters, the victim's statements were all straightforward and without conflict. That was sufficient to make her testimony the basis for submission to the jury even without corroboration."

In addition it should be noted that the prosecutrix's testimony was corroborated by the testimony of the police officers that the next day she was in a distraught condition, that she had a cut inside of her lip, and that there was a swelling and bruises on her face.

There was sufficient evidence to sustain conviction, and defendant's argument to the contrary is overruled.

Defendant's objection to the jury panel, however, is well founded and must be sustained. The Attorney General attempts to escape the effect of *Duren v. Missouri, supra,* by arguing that defendant did not introduce evidence to establish the discriminatory effect of the 1978 Jackson County Jury wheel. The Attorney General in his brief acknowledges that this argument on his part challenges head-on a number of recent decisions of this court. *State v. Hawkins,* 582 S.W.2d 333 (Mo.App.1979); *State v. Donahue,* 585 S.W.2d 160 (Mo.App. 1979); *State v. Beavers,* 591 S.W.2d 215 (Mo.App.1979). Notwithstanding the Attorney General's disagreement, we continue to adhere to those rulings. This error requires reversal and remand for a new trial.

Defendant's point concerning the jury argument made by the prosecuting attorney need not be discussed, because that argument undoubtedly will not recur on retrial.

The judgment is reversed and the cause remanded for a new trial.

All concur.