STATE of Missouri, Plaintiff-Respondent,

v.

Theodore Floyd GINNERY, Defendant-Appellant.

No. 11719.

Missouri Court of Appeals, Southern District, Division One.

May 20, 1981.

John D. Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Public Defender, for defendant-appellant.

GREENE, Presiding Judge.

Defendant was jury-tried and convicted of the crime of rape, a Class B felony, in violation of § 566.030,[1] and was, thereafter, sentenced by the trial court to a term of 13 years in prison. This appeal followed. We affirm the judgment and sentence of the trial court.

The indictment charged that defendant had sexual intercourse with a female child, D. J. L.,[2] who was less than 14 years of age. Defendant pled not guilty by reason of mental disease or defect and gave notice to the state of his intent to rely on such defense.

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

2. Due to the age of the victim, and in order to protect her privacy, only her initials shall be used in this opinion.

At trial, the complaining witness, who was 13 years old at the time of the offense, testified that sometime after school was out in the spring of 1979, and before June 2, 1979, which date was her 14th birthday, she was visiting defendant's daughter in defendant's home; that defendant came into the bedroom where D. J. L. and the daughter were playing and that defendant put his "peter" inside her private parts. Three state's witnesses, an investigator for the prosecuting attorney, a detective for the city of Joplin, and a Jasper County deputy juvenile officer, testified to the effect that during questioning, defendant admitted to having "relationships" with the child in question. When viewed in the light of other questions asked defendant during this session, and answers given by him, it is evident that defendant was referring to sexual intercourse when he admitted the "relationships."

As a part of his defense, defendant offered the testimony of Dr. Turfboer, a psychiatrist. Turfboer testified that defendant's personality could be best described as "antisocial with pedophilic tendencies", and that there was no evidence "which would suggest the presence of behavioral pathology due to psychosis or cerebral organicity", and that "he [defendant] is aware of the quality of wrongfulness in pedophilic acts." He further testified, "[p]sychiatrically, we classify him ... as an antisocial personality with pedophilic tendencies. The defect that I am referring to is a defect in using his judgment in terms of the conduct under critical circumstances which will fail." On cross-examination, the doctor stated, "There is no evidence borne of this evaluation ... to suggest that Mr. Ginnery was rendered incapable of better judgment by reason of mental disease or defect."

On appeal, defendant's first point relied on is that the trial court erred in "not granting appellant a new trial and that the verdict of the jury that the appellant was not suffering from mental disease or defect was against the greater weight of the evidence." Point one is presented here devoid of any supporting citation of authority and does not state why the trial judge erred in denying defendant a new trial,[3] all in violation of Rule 30.06(d). The point preserves nothing for review. *State v. Fingers*, 564 S.W.2d 579, 584 (Mo.App.1978).

However, we have reviewed the point, ex gratia, and find no error, plain (Rule 30.20), or otherwise. First, all persons are presumed to be free of mental disease or defect excluding responsibility for their conduct, and the issue of whether they have such a mental disease or defect is one for the jury to decide upon the introduction of *substantial* evidence of lack of such responsibility. Even if substantial evidence on such questions is introduced, the presumption does not disappear and shall alone be sufficient to take the issue to the jury. § 552.030.7; *State v. Dalton*, 587 S.W.2d 644, 646 (Mo. App.1979). The presumption alone was sufficient for the jury to reject defendant's plea.

Second, we doubt that the testimony of Dr. Turfboer was substantial evidence to support defendant's position. He testified that while defendant might have trouble controlling certain impulses, there was no evidence borne of his evaluation to show that defendant was rendered incapable of "better judgment" by reason of mental disease or defect. This testimony falls far short of the substantial evidence test. From the evidence, the jury could have very well concluded, and did conclude, that defendant was not suffering from a mental disease or defect at the time of the act.

Third, whether a jury's verdict in a criminal case is against the weight of the evidence is not a matter reviewable by an appellate court. *State v. Downs*, 593 S.W.2d 535, 542 (Mo.1980). The appropriate standard of review in a criminal case is whether there was sufficient substantial evidence to support the verdict. *State v. Williams*, 600 S.W.2d 120, 122 (Mo.App.1980).

**3.** We assume that defendant means by this point that the trial court erred in not granting a new trial for the reason that the jury's verdict on the mental disease or defect issue was against the weight of the evidence, but the point does not say so.

There was substantial evidence in this case, including the presumption heretofore referred to, for the jury to find defendant was not suffering from mental disease or defect excluding responsibility. The jury so found. The point is denied.

 Defendant's remaining point is that the trial court erred in failing to sustain defendant's motion for judgment of acquittal at the close of the state's case for the reason that the state failed to prove the corpus delicti through the testimony of the child in question. Testimony of a 14-year-old victim as to penetration by her assailant has been held to constitute a submissible case of statutory rape. *State v. Hopkins*, 500 S.W.2d 264, 266 (Mo.App.1973). Uncorroborated testimony of a prosecutrix will sustain a conviction of rape, and only where such testimony is so unconvincing and contradictory as to cloud the mind of the court with doubts must such evidence be corroborated. *State v. McElroy*, 518 S.W.2d 459, 462 (Mo.App.1975). It is not uncommon for there to be some contradictions or memory lapses during the testimony of a child of tender years. Such was the case here, as D. J. L. testified that she did not remember defendant coming into the room where the rape took place, and did not remember much about statements she had given to the police after the incident. Even in such cases, our courts have held that testimony of a victim as young as twelve years old at time of trial to the effect that he "stuck his thing" into her "privates" has been held sufficient to establish the element of penetration. *State v. Leigh*, 580 S.W.2d 536, 541 (Mo.App.1979).

 The corpus delicti in this case was established by the following testimony of the complaining witness:

"Q. Okay, and [D. J. L.], how old are you?

A. Fourteen.

. . . .

Q. Was this [the incident] before your birthday or after your birthday?

A. Before.

. . . .

Q. All right. You are not married to Mr. Ginnery, are you now, [D. J. L.]?

A. No.

. . . .

Q. And let me ask you whether or not Mr. Ginnery did put his peter inside your private parts?

A. Yes."

The extra-judicial admissions of defendant in the presence of three witnesses were proof of defendant's criminal agency, and when coupled with the testimony of the child, supplied all of the necessary statutory elements of the crime, and furnished conclusive proof of defendant's guilt. It was not error for the trial court to overrule defendant's motion for judgment of acquittal. The point is denied.

The judgment is affirmed.

All concur.