**STATE of Missouri, Respondent,**

**v.**

**Nathaniel EDWARDS, Appellant.**

**No. 49525.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 6, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1985.

Application to Transfer Denied
Nov. 21, 1985.

J. Steven Erickson, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

The defendant, Nathaniel Edwards, was convicted by a jury of two counts of sodomy, § 566.060 RSMo 1978. He was sentenced as a persistent offender to two eight year terms to run consecutively. Defendant appeals contesting the submissibility of the state's case. We find that the state made a submissible case, and thus the trial court did not err in denying defendant's motion for acquittal or in the alternative for a new trial. Accordingly we affirm.

Around midnight on September 23, 1983, George Meyer, a resident of the Missouri Correctional Center, went to the defendant's cell at the request of Viron Swingler. Meyer owed Swingler $20.00. After George Meyer, the victim, walked into the defendant's cell, a blanket was thrown over his head and he was wrestled to the ground. The victim was struck several times in the head and chest. Also, the victim was threatened with a knife. Then the victim's pants were pulled down and he was sodomized by both the defendant and Viron Swingler.

After the ordeal, the victim approached a guard and complained that he was raped. The next morning, officers from the St. Louis County Police Department were called in. They interviewed the victim, the defendant, and Swingler. At that time, both the defendant and Swingler denied that any type of sex had occurred on the evening in question.

The victim was examined by Dr. Gary Robbin, M.D. who found sperm cells present in the victim's anus. A nurse from the correctional center testified that she observed superficial lacerations on the victim and reddening around the rectal area.

Nathaniel Edwards asserts the defense of consent. He contends that George Meyer offered sexual favors in return for extinguishment of a debt.

■ Edwards only point on appeal is that the testimony of the victim was so contradictory as to need corroboration, and therefore the trial court erred in denying his motion for acquittal or in the alternative for a new trial. A conviction for sodomy or rape may be sustained upon the uncorroborated testimony of the victim alone, unless his testimony is contradictory and in conflict with physical facts, surrounding circumstances, and common experience so as to be so unconvincing and improbable that it is extremely doubtful, in which case corroboration is required to sustain the verdict. *State v. Lee*, 404 S.W.2d 740, 747 (Mo.1966); *State v. Johnson*, 595 S.W.2d 774, 776 (Mo.App.1980); *State v. Rogers*, 583 S.W.2d 293, 295 (Mo.App.1979).

■ The defendant points to the following inconsistent statements of the victim for support of his argument: whether the defendant was sitting on the floor or standing on the desk when the victim entered the room, who threw the blanket over the victim's head, whether the lights were on or off when he entered the room, whether he saw the knife, and the length of time of the deviate sexual acts. However, the "testimony of the victim is not considered to be 'clouded with doubt' or 'extremely doubtful' . . . merely because [it] falls into inconsistencies or contradictions as to minor points of a nonessential nature." *State v. Johnson*, 595 S.W.2d 774, 776 (Mo.App. 1980). The misstatements or discrepencies must go directly to an essential element of the state's case necessary to prove rape. *State v. Mazzeri*, 578 S.W.2d 355, 356 (Mo. App.1979). In the present case, all of the matters of which defendant complains relate to relatively unimportant details. Furthermore, corroboration on the essential elements of the crime exist. Dr. Gary Robbin testified that he found sperm cells in the victim's anus indicating deviate sexual intercourse. Also, the nurse testified as to cuts and bruises upon the victim's body indicating lack of consent. Thus, the state

made a submissible case for the jury. This point is overruled.

The judgment is affirmed.

CRIST and CRANDALL, JJ., concur.