STATE of Missouri, Respondent,

v.

Michael SMITH, Appellant.

No. 51439.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 14, 1987.

Mary E. Dockery, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Defendant, Michael Smith, a/k/a Sebek-hu Smith, was found guilty of sodomy, i.e., having deviate sexual intercourse with complainant, a person to whom he was not married, without her consent and with the use of forcible compulsion, in violation of § 566.060 RSMo 1978, a class B felony. (All further references shall be to RSMo 1978 unless otherwise noted.) Following a trial by judge in the St. Louis County Circuit Court, the defendant was sentenced to fifteen years.

On appeal, the defendant contends the trial court erred in: (1) overruling his motion for judgment of acquittal since the prosecutrix's testimony conflicted with the circumstances surrounding the crime and common experience rendered her testimony improbable and doubtful; (2) allowing the state to present evidence from rebuttal witnesses that unfairly injected issues of sympathy and prejudice into the proceedings; and (3) denying defendant's motion for a new trial based on newly discovered evidence when the defendant demonstrated that material evidence came to him after the trial.

Because the sufficiency of the evidence is in dispute, it is necessary to give a detailed recitation of the facts in order to adequately consider defendant's points. In considering and recounting the evidence, this court is to accept as true the evidence, and reasonable inferences to be drawn therefrom, favorable to the state, and to reject the evidence and inferences to the contrary. *State v. Manning*, 612 S.W.2d 823, 825 (Mo.App.1981). Moreover, the determination of the credibility of a witness is within the peculiar province of the finder of fact and it alone is to decide how much credence to give testimony. *State v. Williams*, 652 S.W.2d 102, 111 (Mo. banc 1983).

At trial, complainant identified defendant as her mother's live-in boyfriend and explained that the defendant had lived with her mother, herself and various other children from the time she was five years old. According to complainant, the defendant began having regular sexual relations with her when she was six years old and continued doing so until the end of the summer of 1984. She testified that she never had had sex with anyone other than defendant.

According to complainant, from early July, 1984 through August, there were between twenty-five and eighty-five acts of sexual intercourse and sodomy between defendant and herself. She was unable to give the specific dates on which any of the acts occurred. She testified that these acts occurred without her consent and that she participated only because she feared the defendant.

In September of 1984, complainant's mother and defendant moved to Minnesota

and sent complainant to live with her maternal grandmother, Elsa Hill, in Ironton, Missouri. When it appeared that complainant would have to leave her grandmother and rejoin her mother and defendant she accused the defendant of sexual misconduct. Complainant also accused defendant of sexually abusing his natural children, M.S. and A.S., who had lived with complainant, her mother and the defendant from time to time.

Detective David Wilper testified that when he interviewed complainant in January of 1985, she told him that defendant began sexually abusing her in 1973. She also told him that defendant also sexually abused M.S. and A.S.

Dr. James Anthony Monteleone, a pediatrician and chairman of child abuse and sexual abuse programs at Cardinal Glennon Childrens' Hospital, testified that he interviewed and physically examined complainant on December 7, 1984. During the interview, complainant told Dr. Monteleone that over a number of years defendant had anal, vaginal and oral intercourse with her. Dr. Monteleone found clinical evidence that complainant was sexually active and that the sexual activity had occurred over time. According to Dr. Monteleone, his examination of complainant yielded findings consistent with daily acts of ongoing sexual abuse over a lengthy period of time. Additionally, Dr. Monteleone testified that he found the complainant to be credible.

The defense presented evidence that contradicted complainant's testimony. M.S. and A.S., the defendant's natural children, testified that the defendant never sexually abused them. M.S. and A.S. also testified that complainant spoke of having sex on a number of occasions with Orlando West, a neighborhood boy and another boy who was not named. Finally, M.S. testified that he never saw defendant sexually abuse complainant.

Detective Wilper testified that Mrs. Hill, the maternal grandmother, had instigated the sexual abuse investigation. He stated that Mrs. Hill told him that she wanted defendant's parental rights terminated.

Both M.S. and A.S. described Mrs. Hill as "bizarre" and "crazy." Alvin Hill, Mrs. Hill's son, testified that he witnessed "religious rituals" in which Elsa Hill and another woman inserted a "dildo" (substitute for male sexual organ) into complainant's vagina. Alvin Hill further testified that these rituals occurred regularly, and that he was familiar with a "dildo" because he was a homosexual and used something like that in his own personal experience. Also, he stated complainant did mention she was having sex on a regular basis with a friend of hers. He testified that Mrs. Hill and her friend formed their own church and ordained themselves ministers. He stated that Mrs. Hill repeatedly asked for custody of complainant.

Defendant denied sexually abusing complainant or his other children. He stated that Orlando West, the neighbor boy, visited complainant in his home at times when there was no adult supervision. He further stated complainant asked to be allowed to live with Mrs. Hill and when he disciplined her for poor school performance, complainant retaliated by calling the child abuse hotline.

Defendant testified at trial that he was unaware of the whereabouts of complainant's mother. He stated she was wanted by the police and subject to arrest should she appear to testify.

Two of complainant's former teachers testified as rebuttal witnesses. Both testified as to the reputation of complainant for good moral character based on their personal conversations with her as her teachers.

After the trial court found defendant guilty, he filed a motion for new trial citing newly discovered evidence, i.e., a notarized letter and affidavit which set out the testimony of complainant's mother, a previously unavailable witness. In the letter, complainant's mother states she never witnessed sexual abuse of complainant by defendant. The letter also recited that Elsa Hill desired custody of complainant and listed the names of other persons against

whom Ms. Hill had taken extreme measures in attempts to secure custody of their children. Complainant's mother then accused her mother, Mrs. Hill, of sexually abusing complainant. The trial court denied defendant's motion for a new trial based on newly discovered evidence.

Defendant's first point is that the trial court erred in overruling his motion for acquittal. The defendant questions the sufficiency of the evidence by citing a rule requiring corroboration. Defendant points to complainant's inability to remember the dates of any one of the alleged sexual assaults. Moreover, defendant points out that complainant maintained she was assaulted fifty times throughout July in defendant's home. At other times, however, she testified that she spent the majority of July in Ironton, Missouri.

In *State v. Baldwin*, 571 S.W.2d 236, 239 (Mo. banc 1978), our Supreme Court explained that a rape conviction may be had upon the uncorroborated evidence of the prosecutrix and that "[i]t is only those cases where the evidence of the prosecutrix is of a contradictory nature or, when applied to the admitted facts in the case, her testimony is not convincing and leaves the mind of the court clouded with doubts, that she must be corroborated or a judgment cannot be sustained." It is clear, however, that the rule in *Baldwin* is not applicable where "the inconsistency or even contradiction bears on a proof not essential to the case." *State v. Salkil*, 659 S.W.2d 330, 333 (Mo.App.1983). *See also State v. Johnson*, 595 S.W.2d 774, 776 (Mo.App.1980) (The testimony of the victim is not considered to be "clouded with doubt" or "extremely doubtful" within the rule merely because she falls into inconsistencies or contradictions as to minor points of a nonessential nature).

It is not every inconsistent statement that makes the *Baldwin* rule applicable. The court in *State v. Ellis*, 710 S.W.2d 378, 381 (Mo.App.1986), held that the date of sex acts was not an essential element of proof where sodomy was committed on an eleven-year old. *State v. Johnson, supra* at 776 (Rule not applicable where testimony

of prosecutrix was contradictory concerning who of four men committed the rape and who helped her escape).

■ Here, the complainant's inability to remember exact dates is clearly distinguishable from totally contradictory statements going to the heart of the offense. No discrepancy appears as to the essential elements of the crime of sodomy. With respect to these elements, complainant's evidence was straightforward and without conflict. Thus, the state made a submissible case.

■ Defendant contends that the corroboration rule should be invoked because of complainant's delay in reporting the offenses. Complainant did not report the offenses because she apparently believed that she would no longer have to live with defendant. After she learned that she would have to leave her grandmother's house and again reside with defendant, complainant informed her grandmother of the offenses. This was in late November, 1984. Shortly thereafter, the police were informed. Reasons for such delay in similar circumstances have been recognized in many cases. *See State v. Ellis, supra*, at 382. Such delay does not require corroboration of a victim's testimony. *Id.* (citing *State v. Wilson*, 361 Mo. 78, 233 S.W.2d 686 (1950); *State v. Bulen*, 646 S.W.2d 405 (Mo.App.1983)). Thus, complainant's delay does not warrant the requirement of corroboration.

■ In his second point, defendant claims the trial court erred in allowing two rebuttal witnesses to testify as to complainant's reputation and moral character. In *State v. Daugherty*, 126 S.W.2d 237 (Mo. 1939), our Supreme Court held that rebuttal evidence showing the prosecutrix's good reputation for morality and chastity "is admissible where the prosecutrix's character was attacked by the testimony of particular acts of lewdness and unchastity." *Id.* at 238–39. In the present action, M.S. and A.S. testified as to complainant's alleged sexual activity with Orlando West and another, thereby attacking her character. Moreover, defendant testified that complainant was left alone, unsupervised in his house with Orlando West. Under

*Daugherty*, the trial court did not err in admitting the testimony of the state's rebuttal witnesses.

The defendant finally contends that the trial court erred in denying his motion for a new trial based on newly discovered evidence. Section 547.020 RSMo, provides that a new trial may be granted by the trial court for newly discovered evidence. The prerequisites which must be met to justify a new trial on grounds of newly discovered evidence are:

> (1) that the evidence has come to the knowledge of the defendant since the trial, and (2) that it was not owing to his want of due diligence that he did not discover it sooner, and (3) that the evidence is material that it would probably produce a different result on a new trial, and (4) that it is not cumulative only or merely impeaching of the witness.

*State v. Coleman*, 660 S.W.2d 201, 221 (Mo.App.1983). *In State v. Pinkerman*, 349 S.W.2d 951 (1961), our Supreme Court held that the testimony of two witnesses which was offered as newly discovered evidence, would merely be cumulative to other testimony offered by the defendant and thus did not warrant the granting of a new trial. *Id.* at 953.

The new evidence offered by the defendant is a letter from complainant's mother. The letter, however, is merely cumulative of the testimony offered on the defendant's behalf and therefore does not warrant the granting of a new trial. The letter states that complainant's mother never witnessed nor heard of any sexual abuse of the prosecutrix which is merely cumulative of the testimony of M.S. and A.S. In addition, the letter states that complainant's grandmother had an unconventional lifestyle which is also cumulative of Alvin Hill's testimony.

Judgment of the trial court is affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.