**STATE of Missouri, Respondent,**

v.

**Willie MURPHY, Appellant.**

**Willie MURPHY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 58052, 60075.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 22, 1992.

Application to Transfer Denied
June 2, 1992.

Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a conviction for forcible rape, for which Defendant was sentenced as a Class X offender to life imprisonment. Defendant also appeals from the denial of his Rule 29.15 motion. We affirm.

Defendant questions submissibility. He asserts the statements and testimony of the rape Victim were so contradictory and inconsistent as to render that evidence of doubtful validity and there was no substantial corroborating evidence to make a submissible case. We view the evidence most favorably to the verdict.

On January 29, 1989, Victim and Defendant, a stranger to Victim, were in the Flamingo Lounge in St. Louis City. Defendant attempted to make conversation with Victim but she paid no attention to him. Victim left the bar through a back door which led to the parking lot. Defendant followed. Once they were outside he demanded that Victim "suck his private." When Victim turned to look at Defendant, he struck her in the nose causing it to bleed profusely. As she tried to run, he grabbed her and began striking her about the face and chest. Victim collapsed on the ground. Defendant then raped her.

Police had been alerted to investigate screams emanating from an alley located behind the Flamingo Lounge. As they proceeded down the alley, they saw Defendant on top of Victim. Defendant stood up, his penis out of his pants and still in an erect state.

Victim sustained severe blows to her head and chest area. She had redness of the genitalia caused by trauma. She suffered partial memory loss from the beating. Defendant presented two witnesses on his behalf at trial, but Defendant did not testify.

■ Defendant states Victim's testimony at her deposition, at the motion to suppress evidence, and at trial were so inherently contradictory and antithetical to common sense, "that its validity is thereby rendered doubtful" and in the absence of substantial corroboration his conviction could not stand. *State v. Harris*, 620 S.W.2d 349, 353[5] (Mo. banc 1981). He contends the inconsistencies in the Victim's story occurred when she was uncertain as to whether or not Defendant ejaculated during the rape, when she was unable at her deposition to recall her boyfriend's last name, and when the DNA testing showed the semen found in Victim's underwear could not have been that of Defendant.

The corroboration rule does not apply where the inconsistency or contradiction bears on proof not essential to the case. *State v. Nelson*, 818 S.W.2d 285, 289[7] (Mo.App.1991). Ejaculation and Victim's knowledge of her boyfriend's last name are not elements of the crime of rape. As for the semen found in Victim's underwear, she admitted at trial she had engaged in sexual intercourse with her boyfriend the night before she was raped by Defendant. The reasonableness of this explanation was for the jury. *Id.* In any event, there was much corroboration. Defendant was essentially caught in the act of raping victim. Point denied.

■ Defendant also questions the overruling of his Rule 29.15 motion. He states that his lawyer, although aware of its existence, failed to obtain a police report or otherwise investigate a prior "unfounded" rape claim made by Victim. In the alternative, he asserts the prosecutor failed to provide defense counsel with the police report of the "unfounded" rape claim. Defendant was afforded an evidentiary hearing in which this issue was argued. However, the issue was not raised in either Defendant's *pro se* or amended motions. The motion court properly found Defendant had waived this claim because any issue not presented in the motions is waived and cannot be tried under implied consent. *Kelly v. State*, 784 S.W.2d 270, 273[5] (Mo.App.1989); *Rohwer v. State*, 791 S.W.2d 741, 743[5] (Mo.App.1990). Fur-

thermore, Defendant was not entitled to relief under Rule 29.15 because the prior report would not provide a defense but would have served merely to impeach the State's witness. *State v. Twenter,* 818 S.W.2d 628, 643[24] (Mo. banc 1991); *Allbritton v. State,* 747 S.W.2d 687, 689[4] (Mo.App.1988). Point denied.

Finally, Defendant asserts reversible error in the denial of his *Batson* motion to quash the jury in that the prosecutor exercised the State's peremptory strikes in a racially discriminatory manner. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Ten of the venirepersons were black. The prosecutor struck four blacks. Defendant used all of his strikes to remove white venirepersons from the panel. The final jury panel was composed of five blacks and seven whites with one white and one black as alternates.

It is difficult to conceive of any advantage the prosecutor would gain by discriminatorily removing blacks in this case because both Defendant and Victim are black. In addition, the prosecutor did not use all of his peremptory challenges to strike blacks and the final composition of the jury undercuts any inference of impermissible discrimination. *State v. Williams,* 784 S.W.2d 309, 313[5, 6] (Mo.App.1990).

Moreover, the trial court required the prosecutor to give race neutral explanations for his strikes so as to "lay it all out and rule accordingly." The prosecutor cited age, experiences of relatives having been involved in crimes, and the demeanor of the venirepersons during voir dire as reasons for his strikes. These explanations show no purposeful discrimination and the trial court so held. We defer to the findings of the trial court on this issue.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.