STATE of Missouri, Plaintiff–
Respondent,

v.

Doug COLSON, Defendant–Appellant.

STATE of Missouri, Plaintiff–
Respondent,

v.

Doug COLSON, Defendant–Appellant.

Nos. 17708, 17742.

Missouri Court of Appeals,
Southern District,
Division Two.

May 12, 1992.

Lisa C. Henderson, Buffalo, for defendant-appellant.

Wayne K. Rieschel, Pros. Atty., Buffalo, for plaintiff-respondent.

FLANIGAN, Chief Judge.

The trial court, sitting without a jury, found defendant Doug Colson guilty on two charges of assault in the third degree, a class C misdemeanor. Section 565.070.-1(5).[1] The charges were tried jointly, and the court imposed a fine of $100 for each offense. Defendant appeals from each conviction, and the two appeals are consolidated in this court.

Both offenses took place on April 23, 1991, at the Eagles Club in Dallas County. One of the informations charged that the defendant "knowingly caused physical contact with Robert E. Cotton, knowing that such person would regard such contact as offensive or provocative." The other information charged that the same offense was committed against Deborah J. Harris.

■ Defendant has filed identical briefs in the two appeals. In each brief his sole point is that the judgment is against the weight of the evidence because the trial court erred "in not considering all facts presented in support of defendant's claim of self-defense and of consent."

The trial court's finding of guilty on each charge has the force and effect of the verdict of a jury. Section 546.050; Rule 27.01(b); *State v. Northern*, 472 S.W.2d 409, 411[3] (Mo.1971); *State v. Shy*, 761 S.W.2d 280, 281 (Mo.App.1988). On appeal, "this court does not undertake to determine the credibility of witnesses or to weigh the evidence in a criminal case." *State v. Williams*, 376 S.W.2d 133, 136[10] (Mo.1964). Defendant's point preserves nothing for review.

■ A gratuitous examination of the trial transcript discloses no "plain error" as that term is used in Rule 30.20. The state produced five witnesses who were present when the assaults took place. The state's evidence showed that defendant grabbed Deborah J. Harris by the shoulder and

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

physically pushed her. Defendant was drunk and vulgar. The state's evidence also showed that defendant struck Robert Cotton.

Testifying in his own behalf, defendant said: "I gave Debbie a little shove, damn right. The adrenalin was flowing and the temper was hot. I did strike Robert Cotton, you're damn right I did." The evidence was sufficient to support both convictions. See *State v. Luckinbill*, 744 S.W.2d 872, 874[2] (Mo.App.1988). Defendant does not claim otherwise.

In each of the appeals the judgment is affirmed. It is so ordered.

MAUS and MONTGOMERY, JJ., concur.