STATE of Missouri, Plaintiff–
Respondent,

v.

Ishmael L. GARDNER, Defendant–
Appellant.

No. 17960.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 18, 1993.

Motion for Rehearing or to Transfer
Denied March 12, 1993.

John R. Lewis, Lewis & Moon, Spring-
field, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

The trial court, sitting without a jury, found defendant Ishmael Gardner guilty of sodomy, § 566.060.3,[1] and he was sentenced to 15 years' imprisonment. Defendant appeals.

Defendant's first point is that the evidence was insufficient to support the conviction, and the trial court erred in ruling otherwise, because the male victim, Jesse F., "gave uncorroborated testimony that was so highly contradictory or in conflict with the physical facts, surrounding circumstances and common experience so as to be so unconvincing and improbable that his testimony was extremely doubtful, and required corroborating evidence to support a conviction."

█ The findings of the trial court in a jury-waived criminal case have the force and effect of a verdict of a jury. Mo. Const. art. I, § 22(a); *State v. Northern*, 472 S.W.2d 409, 411[3] (Mo.1971). Defendant's challenge to the sufficiency of the evidence requires this court to determine whether there is sufficient evidence from which a reasonable juror might have found him guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55[3] (Mo. banc 1989). We accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *Id.* This court considers any portions of defendant's evidence which would support a finding of guilty "because defendant, by putting on evidence, takes the chance of aiding the State's case." *State v. Johnson*, 447 S.W.2d 285, 287[2] (Mo.1969).

"A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." § 566.060.3. "Deviate sexual intercourse" means "any sexual act involving the geni-

tals of one person and the mouth, tongue, hand, or anus of another person." § 566.-010.1.

In addition to its formal portions, the information charged that the defendant committed sodomy "in that on or between the 1st day of December 1986, through the 15th day of January 1987, in the County of Greene, State of Missouri, the defendant, in violation of § 566.060.3, ... had deviate sexual intercourse with [Jesse F.], to whom defendant was not married and who was then less than 14 years old."

The trial was held in November 1991. State's witness Jesse F. testified that he was born September 19, 1978, that he had never been married, and that he had known the defendant since he was five years old. Jesse calls the defendant "Mel." He said that "around Christmas [1986]," defendant came to his home in Springfield. Jesse's brother, William, age 9, was present.

Jesse testified that Mel "had us take our clothes off." Jesse then gave the following testimony:

Q. All right. What did Mel have you do, Jesse, after you took your clothes off?

A. (No response.)

Q. Do you remember?

A. Not really.

Q. What?

A. Not really.

Q. Why don't you remember?

A. Because I've been trying to forget it.

Q. Can you remember what Mel did to you after he had you take your clothes off?

A. He played with my private.

.   .   .   .   .

Q. (By Mr. Carrier) What happened, Jesse?

A. He started playing with my private.

Q. He started what?

A. Playing with my private.

Q. Playing with your private, okay. Where is your private located, Jesse?

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

A. Down below the belt.

Q. Okay. And what did he do with your private?

A. Had it in his mouth.

. . . . .

Q. (By Mr. Carrier) What did he do?

A. Put it in his mouth.

Q. All right. Did he do anything with your private besides put it in his mouth?

A. Not that I know of.

Q. Did he ever touch it?

A. Yes, sir.

Q. What did he touch it with?

A. His hands.

Q. When he touched it with his hand and when he put your private in his mouth, did he have you do anything else?

A. No, sir.

Q. Did Mel do anything else to you?

A. Not that I can remember.

Q. Okay. Now, did he do anything to William's private?

A. I don't know.

Q. Why don't you know?

A. He was in another room.

Q. Okay.

The uncorroborated testimony of the victim in a case of sexual assault is sufficient to sustain a conviction. Corroboration is not required unless the *victim's testimony* is so contradictory and in conflict with physical facts, surrounding circumstances and common experience, that its validity is thereby rendered doubtful. (Emphasis added.)

*State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992) (citing authorities).

It is not unusual for the testimony of a child of tender years to contain contradictions. *State v. D.A.R.*, 752 S.W.2d 910, 914 (Mo.App.1988); *State v. Ginnery*, 617 S.W.2d 115, 117 (Mo.App.1981).

■ The corroboration rule[2] does not apply where the inconsistency or contradiction is between the testimony of the victim and that of other witnesses, *State v. Sladek*, supra, at 310; *State v. Nelson*, 818 S.W.2d 285, 289[7] (Mo.App.1991), or where the inconsistency or contradiction bears on proof not essential to the case. *State v. Murphy*, 829 S.W.2d 612, 613 (Mo.App. 1992); *State v. Nelson*, supra, at 289[7]. The misstatements or discrepancies in the victim's testimony necessary to invoke the corroboration rule must go directly to an essential element of the state's case. *State v. Edwards*, 699 S.W.2d 39, 40 (Mo.App. 1985); *State v. Mazzeri*, 578 S.W.2d 355, 356 (Mo.App.1979).

■ The corroboration rule does not apply merely because the testimony of the victim "falls into inconsistencies or contradictions as to minor points of a nonessential nature." *State v. Nelson, supra*, at 289; *State v. Koonce*, 731 S.W.2d 431, 439–440 (Mo.App.1987). "Discrepancies must appear as to essential elements of the crime of sodomy and leave the mind of the court clouded with doubt before corroboration of the victim's testimony will be required." *State v. Hoban*, 738 S.W.2d 536, 543 (Mo.App.1987). No such discrepancy exists here.

In support of his first point, defendant argues: (a) Jesse's trial testimony conflicted with his testimony at the preliminary hearing; (b) Jesse's trial testimony conflicted with his statement made to Detective Truly Applegate; (c) Jesse's trial testimony conflicted with his deposition testimony.

Neither the transcript of Jesse's testimony at the preliminary hearing nor his deposition was introduced into evidence. The record on appeal does not contain Jesse's deposition. Attached to defendant's motion for new trial is what purports to be a partial transcript, uncertified, of Jesse's testimony at the preliminary hearing.

With exceptions not applicable here, Rule 30.20 provides that allegations of error that are not properly briefed on appeal shall not be considered by the appellate court. The statement of facts portion of defendant's brief makes no mention of Jesse's deposi-

---

**2.** As the excellent brief of the state points out, the corroboration rule has been criticized. See *State v. Nelson*, 818 S.W.2d 285, 288 (Mo.App. 1991); *State v. Ellis*, 710 S.W.2d 378, 380 (Mo. App.1986); *State v. Platt*, 496 S.W.2d 878, 880–81 (Mo.App.1973).

tion or his testimony at the preliminary hearing. Even if the matters complained of had been preserved, there is no error.

Defendant argues that at the preliminary hearing Jesse testified that defendant engaged in anal intercourse with both Jesse and William. The brief says, "However, in trial there is no testimony of any anal intercourse." A reading of Jesse's trial testimony shows that he could not remember whether defendant "did anything else" in addition to the conduct earlier described in his testimony. At trial, Jesse said he did not know whether defendant "did anything to William's private."

Detective Applegate testified, in describing the contents of a statement Jesse made to Applegate, that Jesse said the conduct of defendant included anal intercourse. Defendant's cross-examination of Jesse at the trial made only a brief reference to Jesse's conversation with Applegate, and made no mention of the subject of anal intercourse.

Defendant's cross-examination of Jesse at the trial contains references to Jesse's deposition. Apparently the alleged "conflict" to which defendant refers deals with testimony by Jesse as to whether he was in the second grade or in the third grade at the time of the offense.

Any inconsistency between the testimony of Jesse and the testimony of Applegate does not trigger the corroboration rule. The other inconsistencies complained of, if they exist at all, bear on proof not essential to the case. Defendant's first point has no merit.

Defendant's second point is that the trial court erred in permitting the state, on the morning of the trial, to amend the information by interlineation. Before the amendment, the information charged that the offense was committed "on or between the 25th day of December, 1986, through the 1st day of January, 1987." The amendment expanded the period alleged to "on or between the 1st day of December, 1986, through the 15th day of January, 1987."

■ Time is not of the essence of deviate sexual intercourse. *State v. Douglas,* 720 S.W.2d 390, 393 (Mo.App.1986); *State v. Ellis,* 710 S.W.2d 378, 384 (Mo.App.1986). Where time is not of the essence of the offense, the prosecution is not confined in its evidence to the precise date stated in the information, but may prove the offense to have been committed any day prior to the date of the information and within the period of limitation. *State v. Douglas,* 720 S.W.2d 390, 393.

■ Rule 23.08 permits any information to be amended "at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Defendant concedes that the amendment did not charge an additional or different offense. Defendant testified that he had known Jesse and William "ever since they were born," and that he frequently associated with them. He denied that he had ever fondled Jesse or had anal intercourse or oral intercourse with him.

This court holds that the trial court did not err in permitting the challenged amendment to the information. *State v. Crossland,* 820 S.W.2d 72, 77[6] (Mo.App.1991); *State v. Woods,* 723 S.W.2d 488, 502–503[7] (Mo.App.1986); *State v. White,* 674 S.W.2d 551, 553–554[3] (Mo.App.1984). In *White,* the court held that defendant was not prejudiced by the amendment of an indictment for rape, on the day before trial, changing the date of the offense from between April 12 and 15 to the month of April, where defendant did not rely on alibi but denied sexual conduct with the victim at any time. Defendant's second point has no merit.

■ Defendant's third point is that the trial court erred in denying defendant's motion to exclude from the presentence investigation report a report submitted by Carl Westphal, Ph.D., dated May 1, 1989, "because the report contained an expert opinion which was at the time of the presentence investigation a year and a half old and its contents were therefore questionable in its conclusion."

Defendant cites no case authority in support of his third point. He merely cites § 217.760.2, as amended 1990, which reads:

The report of the presentence investigation or preparole investigation shall contain any prior criminal record of the defendant and such information about

his characteristics, his financial condition, his social history and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, as well as a recommendation by the probation and parole officer. The officer shall secure such other information as may be required by the court and, whenever it is practicable and needed, such investigation shall include a physical and mental examination of the defendant.

Defendant argues: "Dr. Westphal is making a psychological diagnosis that defendant suffered from pedophilia at the time the report was produced. Defendant contends that the conclusion of this opinion was outdated and therefore questionable. For a sentencing evaluation to be relevant and not prejudicial it must be timely, up-to-date, and reflect the subject's current mental or physical condition."

Defendant's motion presents an anomaly. The court is asked to scrutinize a portion of the report and then ignore it. If the portion is unreliable, as defendant claims, that should be as apparent to the court as it is to defense counsel and the motion is unnecessary.

■ Here the challenged information was not contained in the trial evidence. Even if it constituted inadmissible evidence, there is no error. "Where a judge, rather than a jury, is the trier of fact, the reviewing court presumes that inadmissible evidence is not prejudicial." *State v. McMillin,* 783 S.W.2d 82, 96 (Mo. banc 1990). Defendant's third point has no merit.

The judgment is affirmed.

MONTGOMERY, P.J., and PREWITT, J., concur.